GEORGE E. HAMEL, JUNIOR's (dependents') CASE.

Essex. January 5, 1956. — March 1, 1956.

Present: QUA, C.J., RONAN, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Workmen's Compensation Act,* Street risk, Injuries to which act applies.

In a workmen's compensation case, the fact that the employee, a house
to house salesman authorized to use his employer's truck and to keep
it at his home, was fatally injured when the truck overturned on a
highway while he was driving home one night after making a business
call on his regular route would justify a conclusion that he sustained an
injury compensable under G. L. (Ter. Ed.) c. 152, § 26, as amended,
as one "arising out of an ordinary risk of the street while actually
engaged, with his employer's authorization, in the business affairs or
undertakings of his employer" and would justify an award of de-
pendency compensation, even if he was operating at an excessive speed
at the time of the accident.

CERTIFICATION to the Superior Court of a decision by the
Industrial Accident Board under the workmen's compensa-
tion act.

The case was heard by *Brogna,* J.

*John L. Fitzpatrick,* for the insurer.

*John J. Ryan, Jr.,* for the claimant.

WILLIAMS, J. The insurer appeals from a decree of the
Superior Court awarding dependency compensation under
the provisions of G. L. (Ter. Ed.) c. 152 to Margaret M.
Hamel for the death of her husband George E. Hamel,
Junior. The uncontroverted evidence before the Industrial
Accident Board was that Hamel was employed by the Fed-
eral Tea Co., Inc., as a house to house salesman. In making
his calls he was authorized to use his employer's truck and
to keep it at his home in Haverhill. His hours of employ-
ment were from 9 A.M. until his calls were completed. At
the time of his death on April 13, 1954, he had been on his
regular route and was on his way home at night after making
a business call. While driving from Amesbury to Haverhill

the truck overturned and he was killed. It could have been found from other evidence that at the time he was operating at an excessive speed. The single member found that "Upon the aforesaid evidence" the injury which resulted in the employee's death arose out of and in the course of his employment. The reviewing board adopted the findings and decision of the single member.

The injury to the employee was not compensable under that portion of the act which provides compensation for injuries "arising out of and in the course of his employment" but was compensable under the provision as to injury to an employee "arising out of an ordinary risk of the street while actually engaged, with his employer's authorization, in the business affairs or undertakings of his employer." *Harvey's Case*, 295 Mass. 300, 304. Although as in that case the ground on which the board and the judge of the Superior Court awarded compensation was untenable, the result reached was right. "The facts which must necessarily have been found by the board in reaching the conclusion that the employee was, at the time of the accident, in the position of an 'employee' also support the conclusion, that the circumstances required to create the right to compensation for an injury arising out of the risk of the street existed."

The insurer contends that the case should be remanded to the board for a subsidiary finding as to the conduct of the employee and that if found to have been driving at an unreasonable speed his injuries must, as matter of law, be held to have been caused by a condition not contemplated by the terms of his employment. Ordinarily, in a compensation case, subsidiary findings are required in order that the reviewing court may determine whether the ultimate finding was based upon correct principles of law. *Roney's Case*, 316 Mass. 732, 735. But in this case we think no further findings are necessary. See *Cahill's Case*, 295 Mass. 538. It sufficiently appears that the employee, while engaged in the business affairs of his employer, received fatal injuries arising from a risk of the street. The statute does not restrict risks of this character to those which are not extraordinary or

unusual. *Higgins's Case,* 284 Mass. 345, 350. See *Egan's Case,* 331 Mass. 11. Nor does it bar compensation where the employee's conduct is negligent. *Lazarz's Case,* 293 Mass. 538. Even if guilty of serious and wilful misconduct his dependents, if otherwise entitled, could receive compensation (§ 27).

Costs under G. L. (Ter. Ed.) c. 152, § 11A, inserted by St. 1945, c. 444, as amended, shall be allowed by the single justice.

*Decree affirmed.*