EDNA SIMMONS'S CASE.

Hampden.     September 28, 1960. — November 4, 1960.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, & CUTTER, JJ.

*Workmen's Compensation Act,* Street risk; Injuries to which act applies; Procedure: findings by Industrial Accident Board.

Evidence in a workmen's compensation case that the employee, a uniformed chambermaid at a hotel who wore and laundered her own uniforms with her employer's consent, was injured by falling in the street on her way home after completion of her day's work at the hotel while

carrying bags of uniforms to launder warranted a finding made by the Industrial Accident Board that her injury did not arise out of and in the course of her employment and would not have warranted a finding that when injured she was "engaged . . . in the business affairs or undertakings of" her employer within the "street risk" clause in G. L. c. 152, § 26; and a decree dismissing her claim for compensation was proper notwithstanding absence of a specific finding by the board whether her injury was within the "street risk" clause.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Tomasello, J.*

*Louis Kerlinsky,* for the claimant.

*Frederick S. Pillsbury,* for the insurer.

WHITTEMORE, J.    The decree in the Superior Court denied compensation in accordance with the reviewing board's finding and decision.    The employee's testimony included the following: She worked at the Bridgway Hotel as a uniformed chambermaid; she bought the uniforms herself and took care of her own uniforms and those "of some of the others"; she wore and laundered the uniforms with the knowledge and consent of her employer; she was on her way home on August 2, 1957, carrying two bags of uniforms to launder when she fell in the street about half a mile from the hotel.    The board member's decision, adopted by the reviewing board, found that the employee had completed her day's work at the hotel, that she had left the employer's premises and was on her way home, and, "on the testimony," that the injury did not arise out of and in the course of employment.

The employee contends that her claim could not be denied in the absence of a finding under the clause of the statute (G. L. c. 152, § 26) enacted by St. 1927, c. 309, § 3, which authorizes compensation for an injury "arising out of an ordinary risk of the street while actually engaged, with . . . [her] employer's authorization, in the business affairs or undertakings of . . . [her] employer."    The employee asserts that the facts found by the single member do not preclude compensation for injury from street risks.    *Ham-*

*el's Case,* 333 Mass. 628. The insurer contended, in oral argument, that no finding could have been made under the street risk clause as the single member stated the only question (other than notice, extent of disability and dependency) to be whether the employee sustained an injury arising out of and in the course of her employment.

Prior to St. 1927, c. 309, § 3, which inserted the street risk clause, the view had prevailed that injuries to an employee while using the streets in the course of his employment arose, not out of his employment, but rather out of the risks peculiar to public travel, common to every traveller. *Colarullo's Case,* 258 Mass. 521. There was an exception where the street was in effect the employee's workshop and hence offered risks peculiar to the employment. *Keaney's Case,* 232 Mass. 532. *Egan's Case,* 331 Mass. 11, 14. It has been suggested that the effect of the 1927 amendment was to put ordinary street risk injuries, that is those not peculiar to the employment (see *Higgins's Case,* 284 Mass. 345, 350), into the category of compensable risks because they arise out of and in the course of employment, and that, if the statute is so construed, it is not necessary to discuss street risks at all, the only test being whether the injury arises out of and in the course of the employment. 1956 Annual Survey of Mass. Law, § 19.1. In *Harvey's Case,* 295 Mass. 300, 304, and *Hamel's Case,* 333 Mass. 628, 629, street risks were said not to be compensable under the "out of and in the course of his employment" clause. But in *Harvey's Case* (p. 304) we said that the "facts which must necessarily have been found . . . in reaching the conclusion that the employee was . . . in the position of an 'employee' also support the conclusion . . . [of] the right to compensation for an injury arising out of the risk of the street . . . ." In neither case was the outcome dependent on the concept of an independent right rather than an enlargement of the scope of the concept of injuries arising "out of and in the course of" employment.

It is not necessary to make a precise construction in this case. The two clauses in § 26 are, in any event, so closely

322

341 Mass. 322

Fred C. McClean Heating Supplies, Inc. v. School Bldg. Commn.

related that in a case dealing with street risks the street risk clause is to be deemed applicable in resolving the question as stated by the single member. But, although the findings, as the employee points out, are ambiguous, there is no occasion for further findings. There is no basis in the evidence for a conclusion that the employee when injured was engaged in the employer's business. On her testimony it cannot be concluded that laundering the uniforms was significantly more related to the employer's business than the cleaning of any clothes which any employee wears to any work. The employee when injured was engaged in an independent enterprise of her own. *Sylvia's Case,* 298 Mass. 27, is not in point. There the employee, and other employees, with permission, habitually used the employer's laundry, on the premises of the employment, to wash clothes soiled in the employer's service, and it could have been found that this had become an incident of the employment. Accord *Watkins* v. *New York, N. H. & H. R.R.* 290 Mass. 448, 451. A finding that although the employee had "completed her day's work at the hotel" and "left the . . . premises" she was nevertheless engaged "in the business affairs or undertakings" of her employer would not have been warranted. It is insignificant therefore that the member failed to make the relevant finding.

*Decree affirmed.*