ARTHUR W. PEARSON's (dependent's) Case.

Suffolk.   November 9, 1960. — December 30, 1960.

Present:   WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, &
CUTTER, JJ.

*Workmen's Compensation Act,* Injuries to which act applies, Violation of
law. *Motor Vehicle,* Grade crossing. *Railroad,* Grade crossing.

Evidence and findings by the Industrial Accident Board in a workmen's
compensation case supported a decree awarding compensation to the
dependent of an employee of a town's highway department who, while
driving a town truck loaded with gravel to a storage place as directed
by his superior, was fatally injured when the truck was struck by a
railroad train on a grade crossing.

CERTIFICATION to the Superior Court of a decision by the
Industrial Accident Board under the workmen's compensa-
tion act.

The case was heard by *De Saulnier, J.*

*Charles F. Choate,* for the insurer.

*Alphonse S. Bachorowski,* for the claimant.

WILKINS, C. J.   The employee, a member of the highway
department of Chelmsford, was fatally injured on March
12, 1954, when the town truck he was driving was struck by
a railroad train at a grade crossing in the town.   At the
time, as ordered by his superior, he was transporting pea
stone, which had been purchased by the town, from the
seller's premises to a gravel pit for storage.   The review-
ing board affirmed and adopted the findings and decision of
the single member awarding compensation to his dependent
widow.   From a decree of the Superior Court awarding
compensation, the insurer appealed.

Succinctly stated, the single member made these findings.
The employee's death arose in the course of his employ-
ment.   His injury "arose out of his employment, since the
nature, incidents and obligations of his contract of employ-

ment viewed in all its aspects necessarily brought the employee in contact with the risk which in fact caused his death, and his work necessitated his being where he was when fatally injured," citing *Caswell's Case*, 305 Mass. 500; *Souza's Case*, 316 Mass. 332. The deceased's conduct in operating the truck at between seven and ten miles an hour would at worst have been negligent even if in violation of G. L. c. 90, § 15 (as amended through St. 1951, c. 557). Moreover, if "the deceased assumed a hazard because he may have been in violation" of § 15, such "was not one assumed outside the scope" of his employment, and "even if the deceased's conduct could conceivably have been found to be serious and wilful" compensation would not be barred to the widow, by virtue of G. L. c. 152, § 27 (as amended through St. 1935, c. 331), where the injury resulted in death, citing *Hamel's Case*, 333 Mass. 628.

The reviewing board was not required to find that the deceased's conduct was in violation of G. L. c. 90, § 15, as amended. Many of the cases relied upon by the insurer can no longer be cited for the proposition that the deceased was acting in violation of law. See *Borden* v. *New York, N. H. & H. R.R.* 339 Mass. 266, 269–270. It is not of consequence to determine whether as matter of terminology the employee's death was, or was not, due to an injury "arising out of an ordinary risk of the street." See G. L. c. 152, § 26 (as amended through St. 1945, c. 623, § 1). His place of employment at the time of his injury was where he was, whether it be a public way, private way, or railroad right of way. *Egan's Case*, 331 Mass. 11, 14. We observe no error of law in the findings of the board, which are supported by the evidence.

The final decree is affirmed and costs and reasonable expenses under G. L. c. 152, § 11A, inserted by St. 1945, c. 444, as amended, shall be allowed by the single justice.

*So ordered.*