U. O. MacDonald vs. Board of Health of Braintree.

Norfolk. February 4, 1964. — February 27, 1964.

Present: Wilkins, C.J., Spalding, Kirk, Spiegel, & Reardon, JJ.

*Incinerator. Health, Board of. Public Health. Certiorari. Quasi-Judicial Tribunal. Equity Jurisdiction, Incinerator.*

Certiorari attacking a decision of a local board of health under G. L. c. 111, § 150A, rescinding after notice and hearing an assignment of a site for a refuse disposal incinerator did not fail on the ground that the decision was purely administrative in nature rather than quasi-judicial. [77]

In view of the remedy in equity given by G. L. c. 111, § 150A, to "any person aggrieved," one whose land had been assigned as a site for a refuse disposal incinerator by a local board of health did not have a remedy by certiorari to attack a subsequent decision by the board rescinding the assignment. [77–78]

The phrase in G. L. c. 111, § 150A, requiring, for a rescission of an assignment of a site for a refuse disposal incinerator, a "determination that the . . . site . . . results in a nuisance and a danger to the public health" applies to a rescission by a local board of health as well as to one by the State department of public health. [78]

After a local board of health had assigned a site for a refuse disposal incinerator under G. L. c. 111, § 150A, it had power, upon notice and public hearing and a determination that "operation under said assignment would constitute a nuisance and a danger to the public health," to rescind the assignment prior to erection and operation of the incinerator. [78–79]

Petition for a writ of certiorari filed in the Superior Court on May 13, 1963.

The petitioner appealed from an order by *Ford, J.,* dismissing the petition.

*Daniel J. Dempsey (James M. Langan* with him) for the petitioner.

*Richard A. Hunt,* Town Counsel (*Edward H. Libertine* with him), for the respondent.

Spalding, J. This petition for a writ of certiorari was heard on the petition, answer, and return.

The petitioner obtained an option on January 10, 1963, to purchase certain real estate in Braintree. About January

16 he applied to the board of health of Braintree (board) for the assignment of the real estate as a site for a refuse disposal incinerator under G. L. c. 111, § 150A. On January 23 the board voted to assign the land as a site for the incinerator. No appeal was taken from that assignment. Following the assignment, the petitioner organized a corporation for the purpose of constructing and operating the incinerator.

On March 15 the corporation submitted a bid to the city of Quincy to handle the disposal of all its refuse for a period of twenty years.

The petitioner engaged the services of an engineering firm to prepare plans and specifications for the erection of the incinerator. The work on these plans was substantially completed by May 1.

On May 1 the petitioner was notified by the board that an "overwhelming number" of residents adjacent to the site had petitioned the board to hold a public hearing under § 150A and that the board had voted to hold such a hearing on May 3. Following the hearing the board notified the petitioner that it had voted unanimously to rescind the incinerator site assignment previously granted "after determination that operation under said assignment would constitute a nuisance and a danger to the public health."

The petitioner contended that the vote of rescission was beyond the jurisdiction of the board and was void. The judge entered an order dismissing the petition, from which the petitioner appealed.

The board argues that certiorari will not lie because the petitioner is seeking to review a purely administrative act as distinct from one of a quasi-judicial nature. See *Attorney Gen.* v. *Mayor & Aldermen of Northampton,* 143 Mass. 589. We do not agree. We are of opinion that the action of the board in rescinding the assignment, after notice and hearing, was quasi-judicial. But for another reason not suggested by the board we are of opinion that certiorari will not lie. It is well settled that resort may not be had to certiorari if another adequate remedy is available. *Jordan*

*Marsh Co.* v. *Labor Relations Commn.* 312 Mass. 597, 599. By G. L. c. 111, § 150A, under which the board acted in rescinding the assignment the petitioner had an adequate remedy in equity.[1]   However, the parties have argued the merits of the controversy and we think that an expression of our views is appropriate so that further litigation may be avoided.   See *Wellesley College* v. *Attorney Gen.* 313 Mass. 722, 731; *MacKenzie* v. *School Comm. of Ipswich,* 342 Mass. 612, 614.

The board based its rescission decision on § 150A, the second paragraph of which reads in part: "The assignment of any place . . . for a refuse disposal incinerator may be rescinded . . . at any time after due notice and public hearing, by the board of health of the city or town where it is located, or by the department upon determination that the . . . site for a refuse disposal incinerator results in a nuisance and a danger to the public health."

The return shows that there was due notice, a public hearing, and a determination by the board that the operation of an incinerator at the proposed location would constitute a nuisance and a danger to the public health.

The board takes the position that the phrase "upon determination that the . . . site for a refuse disposal incinerator results in a nuisance and a danger to the public health" does not apply to a board of health but only to the department of public health.   The punctuation lends some support to this construction but we are of opinion that it cannot be sustained.   We think that the quoted language applies to a board of health as well as to the department and that neither can rescind an assignment except upon a determination that the incinerator "results in a nuisance and a danger to the public health."

The petitioner argues that the second paragraph of § 150A which contains the relevant provision deals only with the operation of incinerators, not with the initial site

<hr/>

[1] That section contains the following provision: "The superior court shall have jurisdiction in equity to enforce the provisions of this section upon petition of the department or any person aggrieved."

selection, and that this necessarily implies that the incinerator must be in operation before a determination can be made. It must be conceded that this argument is plausible, in view of the arrangement of the statute which puts the relevant provisions at the end of the paragraph which deals with the operation of incinerators. There is the added fact that these provisions contemplate a situation which "results in a nuisance and a danger to the public health." But we think that this portion of the statute which includes provisions for rescission of site selections contemplates rescission due to the inappropriateness of the site as well as rescission for improper operation.

The board's determination is that the proposed site is not an appropriate one for an incinerator no matter how carefully operated. Thus the determination need not await the completion of the incinerator to ascertain its effect on the public health. The construction for which the petitioner contends would mean that a local board, having assigned a site which it later deemed to be unsuitable, could not correct its mistake until after the incinerator had been built and put into operation. We decline to place such a construction on the statute. As we construe it the board may undo its mistake promptly, as it did here, before the applicant has incurred the expense of building the incinerator and making it operative. The desirability of such a construction in avoiding hardship to an applicant and in the protection of the public health is obvious.

*Order dismissing the petition affirmed.*