**Dennis M. CONDON, as he is COMMIS-
SIONER OF PUBLIC SAFETY
vs.
Robert J. BRADLEY, and the
JUSTICES OF THE DISTRICT COURT
OF CENTRAL BERKSHIRE**

No. 44402

Superior Court
Commonwealth of Massachusetts

**March 9, 1982**

Scott A. Smith, Asst. A.G., counsel for plaintiff.

Richard L. Zisson, counsel for defendant.

Leon Fox, counsel for defendant.

## MEMORANDUM OF DECISION

This is a civil action in the nature of a petition for a writ of certiorari. Mass. R. Civ. P. 81(b). The complaint seeks to have this court review the decision of a Justice of the District Court of Central Berkshire holding that the sanction imposed by a State Police Departmental Trial Court upon the defendant Bradley, a state police trooper, was not "justified" and ordering that such sanction not be imposed. The matter comes before this court upon the motion of Trooper Bradley to dismiss the complaint. Mass. R. Civ. P. 12(b)(6). Neither the findings of the State Police Departmental Trial Court nor the actions of the District Court judge are disputed in any particular as factual matters, a circumstance which permits this court to resolve the entire dispute as though the motion to dismiss were one for summary judgment, Mass. R. Civ. P. 12(b), and obviates the need for a full recitation of the facts. Mass. R. Civ. P. 52(a) Albanese's case, Mass. Adv. Sh. (1979) 1171, 1172 n.2.

Upon a careful review of the entire record, this court concludes that the present case is governed in all material particulars by Commissioner of Public Safety v. Treadway, 368 Mass. 155 (1975) (Kaplan, J.).

The action of the District Court judge was taken pursuant to G.L.c. 22, § 9A which, in relevant part, provides:

> "Any person aggrieved by the finding of [a State Police] Departmental Trial Court may...bring a petition in the District Court within the judicial district of which he resides...addressed to the Justice of the Court praying that the action of the Departmental Trial Court be reviewed by the Court, and after such notice to the Commissioner [of Public Safety] as the Court deems necessary, it shall hear witnesses, review such finding and determine whether or not upon all the evidence such finding was justified. If the Court finds that such finding was justified, the action of the Departmental Court shall be affirmed; otherwise it shall be reversed and the petitioner shall be reinstated in his office without loss of compensation. The decision of the Court shall be final and conclusive upon the parties..."

It is undisputed that Trooper Bradley was tried by a State Police Departmental Trial Court which concluded that he had neglected his duty and imposed a sanction upon him, that he properly appealed to the District Court, and that the District Court held that the action of the State Police Department Trial Court was not "justified" and set aside the sanction it had imposed.

Since G.L.c. 22, § 9A, admits of no further judicial review and no other adequate remedy appears available, an action in the nature of a petition for certiorari will lie. MacDonald v. Board of Health of Braintree, 347 Mass. 76, 77 (1964). Commissioner of Public Safety v. Treadway, 368 Mass. 155 (1975). Review by way of certiorari is far from a trial de novo. The scope of such review does not extend to questioning any of the factual findings of the District Court judge; this court may only "correct substantial errors of law apparent on the record

adversely affecting material rights." Commissioners of Civil Service v. Municipal Court of the City of Boston, 369 Mass. 84, 90 (1975) quoting from Sullivan v. The Committee on Rules of the House of Representatives, 331 Mass. 135, 139 (1954). In the circumstances of this case, however, where the District Court judge took no evidence himself but relied entirely on the transcript of the hearing before the State Police Departmental Trial Court, and that evidence is equally available to this court, and it is in as good a position as the District Court judge to appraise it, there is no question of the weight owing by this court to the decision of the District Court judge. Commissioner of Public Safety v. Treadway, at 159.

The single question argued by the parties in this court concerns the proper scope of review permitted the District Court judge under G.L.c. 22, § 9A, when hearing an appeal from the decision of the State Police Departmental Trial Court. The Commissioner argues that the proper test in whether there was "substantial evidence" in the transcript of the hearing before the State Police Departmental Trial Court to support its conclusion, i.e. does that transcript contain "such evidence as a reasonable mind might accept as adequate to support a conclusion"? Moulton v. Brookline Rent Control Board, 385 Mass. 228, 233 (1982); McSweeney v. Town Manager of Lexington, Mass. Adv. Sh. (1980) 429, 434. See, Bunte v. Mayor of Boston, 361 Mass. 71, 74 (1972). See also, G.L.c. 30A, § 1(6).

The Commissioner argues further that the scope of judicial review by the District Court is the same as for civil service cases arising under G.L.c. 31, §§ 41-45. In a civil service case, however, the District Court is limited to a consideration of the administrative records standing alone and may take additional evidence only concerning alleged procedural irregularities. G.L.c. 31, § 44. In contrast, when acting under G.L.c. 22, § 9A, the legislature has clearly provided

that the District Court itself "shall hear witnesses, review such finding and determine whether or not upon all the evidence such finding was justified." To equate this broader scope of review with the more narrow scope afforded the District Court in reviewing civil service cases gives no effect to the plain meaning of the different words used by the legislature in G.L.c. 22, § 9A.

Recognizing the broader scope of judicial review under G.L.c. 22, § 9A, is not to say that an aggrieved person has a right to a trial de novo before the District Court. Again, the Treadway decision provides the appropriate guidance to the District Court for taking such evidence:

"Ordinarily there would be no reason to rehear witnesses who had testified before the trial board; fresh testimony may, however, be useful to clear up ambiguities in the record before the trial board or possibly to enlarge upon that record if necessary. When the judge makes findings he should take into full account the record before the trial board, and the agency's determination should not be disturbed if it is within reason. Cf. Commissioners of Civil Serv. v. Municipal Court of the City of Boston, 359 Mass. 211, 212-215 (1971), interpreting G.L.c. 31, § 45, as amended through St. 1955, c. 407, § 2."

Commissioner of Public Safety v. Treadway, 368 Mass. 155, 159-160, n.6 (1975) (Kaplan, J.)

However, while the Commissioner errs in contending for the more limited "substantial evidence" scope of judicial review, the matter is of no moment in the present case since the District Court judge here took no additional evidence whatsoever. Thus, this court need not further explore the actual limits of judicial review afforded the District Court under G.L.c. 22, § 9A.

Upon the record in this case, since the evidence is equally available to this court, the sole question presented is

whether as matter of law, upon the transcript of the evidence before the State Police Departmental Trial Court, the District Court judge could find that the agency's conclusion was not justified. This court concludes that the District Court could not properly so rule.

The evidence before the State Police Departmental Trial Court was neither confusing, incomplete, or substantially disputed. It leads inescapably to the conclusion that Trooper Bradley was present at a gas station when an employee, intending to make a firecracker, filled a large, green plastic bag with gas from an acetylene welding tank and that the gas exploded singeing the employee's facial hair and shattering the glass in eleven windows in the gas station area, and that Trooper Bradley did not report this accident.

Rule 10.41 of the Regulations for the Government of the Massachusetts State Police provides that

> "Members of the Uniformed Branch shall communicate promptly to their respective superior officers all crimes, suicides, attempted suicides, fires, accidents, and all important happenings, complaints, and information of which the Uniformed Branch takes cognizance, that may come to their attention. Any member withholding 'tips' or information with a view to personal advancement or for any other reason shall be subject to charges."

and Rule 10.55 provides;

> "Failure on the part of any member of the Uniformed Branch to report and take proper action in any situation requiring police attention, within a reasonable time after arriving on the scene, will be considered in neglect of duty."

In light of the great weight of the evidence before the District Court, this court concludes that it was error as matter of law for the District Court not to rule, in the circumstances of this case, that the State Police Departmental Trial Court was justified in finding Trooper Bradley guilty of neglect of duty.

While none of the parties has argued the point to this court, in fairness to the District Court judge, it appears that he accepted the evidence before him but concluded that the above-quoted regulations were too vague to justify the penal sanction here imposed. Indeed, given the closing arguments of counsel made to the State Police Departmental Trial Court to the effect that the facts were not in dispute and that the controlling question was the legal significance to be attributed to those facts, one can readily see that this may well have been the ground of the District Court judge's decision. Viewed from this aspect, the scope of review question argued by the parties is of no significance. Moreover, the legal question of whether the conduct of Trooper Bradley violated state police regulations as matter of law is a close one.

Since penal statutes must be construed strictly, **Libby v. New York, New Haven & Hartford Railroad,** 273 Mass. 522, 525-526 (1930), **Commonwealth v. Lee,** Mass. App. Ct. Adv. Sh. (1980) 1749, 1752-1753, there is a very real question whether a large, green plastic bag filled with acetylene gas and intended for use as a firecracker is a "bomb or other high explosive" proscribed by G.L.c. 148, § 34[1] or "infernal machine or a similar instrument." G.L.c. 266, § 102A.[2] Moreover, no evidence was introduced at the State Police Departmental Trial Court that this incident constituted an important happening, complaint, or information of which the Uniformed Branch takes cognizance. See, paragraph 10.41 of the State Police Regulations. Since the evidence before the State Police Departmental Trial Court was insufficient to sustain the imposition of a sanction on any of the above-mentioned grounds, the District Court judge would have been warranted in ruling that the sanction imposed was not justified, even without taking an evidence himself, were it not for the work "accident" in these regulations.

The event which here occurred - an unanticipated premature explosion of the large plastic bag containing acetylene gas resulting in the singeing of the eyebrows and beard of the service station employee and the shattering of eleven windows - is, however, an "accident" as matter of law and pursuant to the state police regulations ought have been reported as such. It can hardly be doubted that what happened here was an accident within the plain meaning of the word. "In its common significance the word means an unexpected happening without intention or design. **Henderson v. Travelers, Ins. Co.,** 262 Mass. 522, 525. **J. D'Amico, Inc.' v. Boston,** 345 Mass. 218, 222." **Beacon Textile Corp. v. Employer's Mutual Liability Ins. Co.,** 355 Mass. 643, 646 (1969) (Whittemore, J). **Accord Leveille v. Aetna Casualty & Surety Co.** 353 Mass. 716, 718 (1968) (Wilkins, C.J.).·

As the above citations define the word "accident" as it is used in insurance contracts, it may be argued that some other,

narrower meaning ought be ascribed to the word in the present context. This court disagrees. Not only is Judge Whittemore's definition consistent with the plain meaning of the work in everyday usage, some weight ought appropriately be given to the reason for the state police regulation wherein this word is used. It has long been recognized that the individual police officer is the central policy-making individual in the entire law enforcement system due to his extraordinarily broad degree of discretion. See,

---

1. In relevant part, G.L.c. 148, § 35, provides that, "no person shall have in his possession or under his control any bomb or other high explosive, as defined by the rules and regulations made under Section 9 [of this chapter], contrary to the provisions of this chapter or of any rule or regulation made thereunder."

The present record is silent concerning whether any regulations have been promulgated pursuant to G.L.c. 148, § 9, and, if so, whether they proscribe a device such as that present here. No such regulations were introduced or adverted to at the State Police Departmental Trial Court hearing. This, then, is a matter illustrative of the legislature's wisdom in permitting the District Court to take additional evidence on review. Here, the District Court judge could take judicial notice of such regulations had they been published in the Massachusetts Register. G.L.c. 30A, § 6. Even had they not been so published, if such state regulations were accessible to the District Court judge, he might take judicial notice of them. **Cohen v. Assessors of Boston,** 344 Mass. 268, 269 (1962). **Bagge's case,** 5 Mass. App. Ct. 839 (1977). **Perini Corp. v. Building Inspector of North Andover,** 7 Mass. App. Ct. 72, 78 n.10 (1979). Failing all else, the District Court could have taken evidence of the regulations, if any, had they been pertinent. On the present record, of course, no evidence was taken and there is no indication that the District Court judge took judicial notice of any regulations, should any there be. See, Proposed Massachusetts Rule of Evidence, 201(e).

Since the matter has not been argued, this court has not undertaken a search for any such regulations.

2. As relevant herein, G.L.c. 266, § 102A, provides that, "whoever...has in his possession or under his control an infernal machine or a similar instrument, contrivance or device shall be punished...The term 'infernal machine', as used in this section, shall included any device for endangering life or doing unusual damage to property, or both, by fire or, explosion, whether or not contrived to ignite or explode automatically and whether or not disguised so as to appear harmless."

W. LaFave, "Arrest: The Decision to Take A Suspect Into Custody," 61-161, 490-527 (1965); H. Goldstein, "Police Discretion: The Ideal v. The Real," 23 Pub. Admin. Rev. 140 (1963); J. Goldstein, "Police Discretion not to Invoke the Criminal Process: Low Visibility Decisions in the Administration of Justice," 69 Yale L.J. 543 (1963); LaFave, "The Police and Non-Enforcement of the Law" (Pts. 1-2) 1962 Wis. L. Rev. 104, 179; Remington & Rosenblum, "The Criminal Law and the Legislative Process," 1960 U. Ill. L. Rev. 481. See also, Breitel, "Controls in Criminal Law Enforcement," 27 U. Chi. L. Rev. 427 (1960). The need to fairly control this discretion in order that the law may be enforced in an impartial and consistent manner has also been recognized. ABA Project on Standards for Criminal Justice, Standards Relating to the Urban Police Function, pp. 116-132 (Tent. draft, 1972). President's Commission on Law Enforcement and Administration of Justice, "Task Force Report: The Challenge of Crime in a Free Society," 104-106 (1967) and "The Police," 24-25 (1967). A technique central to exercising appropriate administrative control over this broad discretion is a generalized reporting requirement which will enable the approprate officials within the law enforcement structure "to determine whether criminal proceedings should be instituted." ABA Project on Standards for Criminal Justice, "Standards Relating to the Prosecution Function and the Defense Function," standard 3.4(b), 83 (approved draft, 1971). See generally, Supreme Judicial Court Rule 3:08, PF6; Vorenberg, "Decent Restraint of Prosecutorial Discretion," 94 Harv. L. Rev. 1521 (1981). State Police Regulation 10.41 is precisely such a reporting requirement and it ought not be given a niggardly or unduly restrictive reading in view of the important purpose it serves in efficient and even-handed law enforcement. Accordingly, this court rules that the occurrence witnessed by Trooper Bradley was an "accident" within the meaning of State Police Regulation 10.41 and, as such, it was required to be reported. Failure to report this accident justified the sanction imposed by the State Police Departmental Trial Court and the action of the District Court judge in setting aside that sanction was error as matter of law, which error is apparent on the face of the record. Judgment in the nature of certiorari will enter requiring the District Court judge to affirm the decision of the State Police Departmental Trial Court.

By the Court,

**William G. Young**
**Justice of the Superior Court**