Hillman, J.
INTRODUCTION
This matter comes before this Court on Plaintiffs’ Motions for Preliminary Injunction. Both cases are actions in the nature of certiorari under G.L.c. 249, §4 in which the plaintiffs have appealed the defendant Holden Planning Board’s (Planning Board) endorsement of a plan of land under G.L.c. 41, §8 IP of the Subdivision Control Law. For the reasons set forth below these motions are DENIED.
PRIOR PROCEEDINGS
On April 2, 2003, the defendant LAM Builders, Inc. (LAM) filed two applications with the Holden Planning Board seeking endorsements on plans believed not to require approval under the Subdivision Control Law. On April 8, 2003, the Holden Planning Board endorsed both plans signifying that approval under the Subdivision Control Law was not required. These endorsements were done pursuant to the authority granted to the Planning Board under G.L.c. 41, §81P. The effect of these endorsements was to divide a tract of land into smaller lots (each with frontage) without the necessity of submitting to Planning Board review. The plaintiffs timely filed a complaint for certiorari under G.L.c. 249, §4 challenging these endorsements (Civil Action 03-1106A). See Stefanick v. Planning Board of Uxbridge, 39 Mass. Appellate Court 418 (1995). The gravamen of the plaintiffs’ complaint is that the frontage that the lots enjoyed on Chapin Road is inadequate and unsafe.
The matter came before this Court (McCann, J.) on Plaintiffs’ Motion for Judgment on the Pleadings as provided for by Superior Court Standing Order 1-96, paragraph 4. The Court Denied the Plaintiffs’ Motion for Judgment on the Pleadings and remanded the matter back to the Planning Board for further hearings on the issue of “(1) whether Chapin Road is or is not a public way; (2) whether each of the lots have appropriate frontage on a public way; and (3) whether there is adequate access to all of the proposed lots.” The Planning Board conducted a public rehearing on the remand order on January 27, 2004 and subsequently entered additional findings of fact on February 9, 2004. On or about June 10, 2004, the plaintiffs filed a second action in the nature of certiorari under G.L.c. 249, §4 (Civil Action 04-1142C) making identical allegations with regards to other lots on Chapin Road.
At the January 27, 2004 Planning Board hearing, the plaintiffs submitted evidence both documentary and oral with respect to the inadequacy of Chapin Road to the needs of the vehicular traffic. Because LAM has begun construction of homes on the lots, the plaintiffs have moved to enjoin the construction work until this Court decides the matter on the merits.
DISCUSSION
In determining whether to grant a preliminary injunction, this Court considers the balancing test set forth in Packaging Industrial Group v. Cheney, 380 Mass. 609, 616-17 (1980). First, this Court must evaluate “the moving party’s claim of injury and its chance of success on the merits.” If failing to issue the injunction would “subject the moving party to a substantial risk of irreparable harm, this Court must then *353 balance this risk against any similar risk of irreparable harm which granting the injunction would create for the opposing party.” In the context of a preliminary injunction, the only rights which may be irreparably lost are those not capable of vindication by final judgment rendered either at law or inequity. Cheney, supra, at 617. Preliminary Injunction is a drastic remedy that a court should not grant unless the movant by a clear showing carries the burden of persuasion. Charles Wright and Arthur Miller, 11 Fed. Prac. and Proc., §2948 (1995). This Court is not convinced that plaintiffs have a likelihood of success on the merits.
“In the absence of a statutorily proscribed right of judicial review of (c. 41, §8 IP) endorsement on a plan the review, whether framed as a declaratory judgment action or one seeking injunctive relief, is in the nature of certiorari.” Stefanick v. Planning Board of Uxbridge, supra, at 424. Until Stefanick, the mechanism for review for those persons aggrieved by §8IP endorsements was believed to be contained in G.L.c. 41, §81BB which provided that a person aggrieved by a “decision of a planning board concerning a plan of a subdivision of land” may appeal within twenty days after the decision has been recorded in the Office of the City or Town Clerk. In Stefanick, the Appeals Court held that c. 41, §81BB was the avenue of judicial review for those aggrieved by the denial of a c. 41, §81P endorsement. For those aggrieved by a planning board’s endorsement of a plan, judicial review could be obtained only by filing a complaint in the nature of certiorari under G.L.c. 249, §4. The court reasoned that “what the plaintiffs seek is a correction of an error ‘in proceedings which are not according to the course of common law’ and not otherwise reviewable by motion or by appeal.” MacDonald v. Board of Health of Braintree, 347 Mass. 76, 77-78 (1964).
Thus, the relief sought by the plaintiffs is to correct a substantial error of law apparent on the record adversely affecting material rights. Cambridge Housing Authority v. Civil Service Commission, 7 Mass.App.Ct. 586 (1979). The plaintiffs’ contention is that the Planning Board committed errors of law by endorsing a plan that showed inadequate frontage for the needs of vehicular traffic. The plaintiffs have submitted evidence to the Planning Board, and to this Court, detailing their grievances with Chapin Road. It is clear that Chapin Road as it is presently configured, is not up to the standards that the Planning Board has set forth in its subdivision control regulations for the construction of ways within subdivisions.
The defendants argue that the duty of the Planning Board is ministerial in character and that once a determination has been made by the Planning Board that the plan shows the requisite frontage, it is entitled to an ANR endorsement. This is not, however, the case. The Planning Board’s role is not as mechanical as a literal reading of the statute presents. Beginning with the case of Gifford v. Planning Board of Nantucket, 376 Mass. 801 (1978), the appellate courts have consistently held that “planning boards and courts must take into account the function of planning boards and the purpose of the section 8 IP exemption from Subdivision Control Laws. A principal object of the Subdivision Control Law was to ensure efficient vehicular access to each lot in a subdivision.” Gifford, supra, at 807.
These same cases were also infused with a note of caution to planning boards not to act as roving commissions to assess the quality of access as long as the access was not an illusion. Nor were planning boards in connection with requests for 8IP endorsements to consider the offsite traffic consequences of the access proposed. Gates v. Planning Board of Dighton, 48 Mass.App.Ct. 394 at 397 (2000). In Gates, Justice Kass crystallized the Planning Board’s role by stating “two categories of access on public ways come into focus out of this decisional history. There is the ‘could be better, but manageable’ category and the ‘illusory’ category. The first category warrants a §8 IP endorsement and the second does not.” Gates, supra at 399.
Drawing from the record appendix of the remanded proceeding, it is clear that the Planning Board was satisfied that Chapin Road was a “way maintained and used by the public.” Most of the record defendants is devoted to this issue. Significantly, on Page 106 of the record Appendix (Findings of Fact, the Chapin Road Approval Not Required) the final paragraph recites that “access to the lots and the conditions of Chapin Road are adequate to support the creation of the new lots and the vehicular traffic. All lots have sufficient grade, minimal wetlands issues, and adequate access to utilize the frontage on Chapin Road. Chapin Road has adequate width and access to lots 11, 12, 13 and 14 to support the additional traffic.”
Thus the Planning Board has determined that Chapin Road is in the “could be better but manageable” category rather than the “elusive” category as defined in Gates. This Court is convinced that the Planning Board has exercised their discretion in a lawful way and upon a factual basis. This Court is thus of the opinion that the plaintiffs do not have a reasonable chance of success on the merits.
Accordingly for the reasons stated above, the Plaintiffs’ Motion for Preliminary Injunction is DENIED.