CATHERINE A. WHITLOCK'S CASE. April 5, 1972. The self-insurer appeals from a final decree awarding the employee compensation and medical and legal expenses. The board's finding that the injury arose out of and in the course of her employment is not disputed. Rather, this appeal raises issues concerning the adequacy of the board's findings, the timeliness of the employee's filing of the required notice and claim and certain evidentiary matters. On these issues the evidence revealed that the employee was continuously hospitalized from May 20, 1965, until June 4, 1966; that she suffered a cerebral vascular accident which produced in part a permanent and substantial paralysis of the left side of her body; and that during the course of her hospitalization she was under psychiatric care for depression. The claim for compensation and notice of injury were made on October 28, 1966. The board found that because of her continuous hospitalization, her severe physical disabilities and her mental depression her notice under G. L. c. 152, § 41, was given "as soon as practicable" after the happening of the injury. On the basis of the same evidence the board also found that "reasonable cause" existed for the delay in filing the claim for compensation under G. L. c. 152, § 49. In view of the substantial evidence in this case supporting the duration, nature and extent of the employee's injury, we conclude that the board's findings and conclusions regarding the timeliness of the notice and claim were warranted. *Hachadourian's Case,* 340 Mass. 81, 85. That being so, it is unnecessary to consider the self-insurer's further argument that the delay was prejudicial to it. Also, our review of the evidence and the board's findings based thereon leads us to the conclusion that the board made sufficiently proper and accurate findings of fact to enable us to reach a decision. Cf. *Dillon's Case,* 324 Mass. 102, 105–106. Further, with respect to the four evidentiary matters argued before us we observe that in three of those instances no exceptions were taken by the self-insurer and that, in any case, the evidence admitted in each instance was harmless in view of other evidence in the record. *Dimitropoulos's Case,* 343 Mass. 341, 346. Finally, the denial of the motion for recommittal for purposes of obtaining a more complete hospital record was discretionary and, in view of the fact that both parties relied on and used the hospital record in evidence, no abuse of discretion is shown. *Lopes's Case,* 277 Mass. 581.

*Decree affirmed.*

*Costs and expenses of appeal are to be determined by the single justice.*

*James C. Gahan, Jr. (John R. Thurston* with him) for the self-insurer.

*Philander S. Ratzkoff* for the employee.