NEIL G. BAGGE'S (dependents') CASE. June 16, 1977. The parents of the decedent Bagge appeal from a judgment of the Superior Court reversing the award of double compensation ordered by the single member of the Industrial Accident Board (IAB) and upheld by the reviewing board. The award of single compensation is not at issue. Under G. L. c. 152, § 28, as appearing in St. 1943, c. 529, § 9, double compensation is to be awarded "[i]f the employee is injured by reason of the serious and wilful misconduct of an employer . . . . The employment of any minor, known to be such, in violation of any provision of sections sixty to seventy-four, inclusive, or of section one hundred and four of chapter one hundred and forty-nine shall constitute serious and wilful misconduct under this section." General Laws (Ter. Ed.) c. 149, § 62(10), makes it illegal to employ a minor under eighteen, or to permit him to work, "in operating motor vehicles of any description." Bagge was a minor, age 17, when he was crushed to death between the body and the dumping section of a dump truck belonging to his employer. Under the standard enunciated in workmen's compensation cases the decision of the reviewing board is to stand if it is supported by the evidence and not tainted by error of law. *Webb's Case,* 318 Mass. 357, 358 (1945). *Ritchie's Case,* 351 Mass. 495, 496 (1966). *D'Angeli's Case,* 369 Mass. 812, 815 (1976). The employer argues that the board's decision was tainted as matter of law because there was no finding that at the time of the accident he knew Bagge was a minor as ordinarily required in double compensation cases. *West's Case,* 313 Mass. 146, 148 (1943). See *Garnhum's Case,* 348 Mass. 87, 91 (1964);

*Morris's Case,* 354 Mass. 420, 423, 427 (1968); *Boardman's Case,* 365 Mass. 185, 189 (1974). However, the employer did not raise the issue of his lack of such knowledge at the outset of the hearing before the single member. Rule IV(3) of the Rules of the Industrial Accident Board, promulgated pursuant to G. L. c. 152, § 5, provides: "Before the taking of testimony in a hearing before a single member the insurer shall state clearly the grounds upon which the insurer either has declined to pay compensation or further compensation . . . [O]n all other issues the employee's rights under the chapter will be deemed to have been established." See Locke, Workmen's Compensation § 490 (1968). In double compensation cases the rules apply to employers as well as insurers. See Locke, *supra,* § 289. As the rules are accessible to us as a State publication, we take judicial notice of them. See *Cohen* v. *Assessors of Boston,* 344 Mass. 268, 269 (1962). There was evidence to support the finding of the single member that Bagge was hired to perform work which involved the use of a dump truck and to work in, on and about the truck. As Bagge was apparently trying to control the power takeoff of the truck when he was killed, the present case falls within "a core meaning of 'operation' " of a motor vehicle. *Boardman's Case,* 365 Mass. at 191-192. Even if the employer did not specifically employ or authorize Bagge to operate the truck, the employer's assignment of Bagge to work in, on and about the truck permitted him to become involved in its operation. The purpose of G. L. c. 149, § 62, is to prevent minors under eighteen from being exposed to dangers which they might not fully realize on account of their youth, inexperience, lack of foresight and want of restraint. *West's Case,* 313 Mass. at 151. The judgment of the Superior Court is reversed and a new judgment is to be entered affirming the decision of the reviewing board.

*So ordered.*

*Norman P. Beane, Jr.,* for the claimant.
*Francis J. Lynch* (*Francis F. Foley* with him) for the employer.