Rescript Opinions.

VINCENT GIOIOSO'S CASE. November 14, 1977. 1. We need not consider the correctness of the single member's evidentiary rulings complained of by the employee, as there has been no showing that he was in any way prejudiced thereby. See *Vaz's Case,* 342 Mass. 495, 498 (1961). See also *Indrisano's Case,* 307 Mass. 520, 523 (1940), and cases cited. The record does not reveal, through offers of proof or otherwise, what additional competent evidence, if any, the employee would have presented if he had been permitted to introduce testimony about (a) his condition before October 11, 1972, (b) his vision problems, or (c) "the expression on his face" on some undisclosed occasion or occasions. The exclusion of the question put to Dr. Leary on direct examination concerning the employee's prospects of finding other types of work (see and compare *Frennier's Case,* 318 Mass. 635, 638-640 [1945]) could not have harmed the employee, as the doctor was allowed to answer the question on redirect. 2. The contention that the findings entered by the single member and adopted by the reviewing board should be set aside as against the weight of the evidence flies in the face of the well settled standard of review in workmen's compensation cases. See e.g., *Hachadourian's Case,* 340 Mass. 81, 85 (1959). While there was evidence to support a conclusion that the employee's disability was total rather than only partial, no such conclusion was required. See *Chapman's Case,* 321 Mass. 705, 707 (1947), and cases cited. *Shirley's Case,* 355 Mass. 308, 310-311 (1969), and *LaFlam's Case,* 355 Mass. 409, 410-411 (1969), relied on by the employee, are not to the contrary. 3. The employee's objection to the form and sufficiency of the subsidiary findings (compare *DiClavio's Case,* 293 Mass. 259, 261-262 [1936]) is not properly before us, as it is apparent from the "Rulings of Law and Order for Judgment" entered by the judge that that was not among the alleged errors of which the employee sought judicial review in the Superior Court (contrast *Haley's Case,* 356 Mass. 678, 683 [1970]), and that he is seeking to assert it for the first time in this court. See *Hummer's Case,* 317 Mass. 617, 622-623 (1945). The contention, in any event, is without merit. *Trefrey's Case, ante,* 773 (1977), and cases cited.

*Judgment affirmed.*

*Esther M. Stevens* for the employee.
*David L. Cronin* for the insurer.