CHESTER CASEY's CASE. March 29, 1978. We conclude that it was
error to enter judgment dismissing the employee's claim under the
Workmen's Compensation Law (G. L. c. 152) for periods of total in-
capacity arising out of the inhalation of fumes of ethylene glycol in
antifreeze which vaporized as a result of a leak in the engine block of
the company automobile which the employee drove in the course of his
employment servicing the employer's customers — repairing street
leaks and appliances and installing meters. The single member found
(his decision was adopted and confirmed by the reviewing board) that
such exposure and the resulting injury occurred between September,
1962, and April, 1963, when, as appears from the employee's testimo-
ny, the automobile was taken from him and repaired. Compare *Steu-
terman's Case,* 323 Mass. 454, 457 (1948) (upholding a decree based on
findings that the personal injury to the employee from exposure to
fumes beginning the latter part of 1943 was complete in the early part
of 1944, though it resulted in total incapacity beginning January 4,
1946). See *Trombetta's Case,* 1 Mass. App. Ct. 102, 105 (1973). The
single member further found that the exposure "aggravated this em-
ployee's sensitive underlying respiratory condition at various times
while in the course of his employment causing sore throat, running
nose, nausea, coughing spells and colds . . . ." This finding has an am-
ple basis in Dr. Kane's opinion based on the history he received from
the employee (which was substantially the same as the testimony of
the employee). Dr. Kane's testimony on redirect examination, summa-
rizing in effect his testimony on direct examination, includes the fol-
lowing: "Well, it is my opinion that based mainly on his occupational
history and on a subsequent examination, that he had a sensitized
mucous membrane of his respiratory tract and based on his occupa-
tional history, I felt that he had become sensitized to this agent, ethyl-
ene glycol, and that like sensitivities to all chemicals or irritants, once
the sensitivity is set up, they seem to be sensitive to a good many other
things which may produce the symptoms in the concentration that is
a great deal lower than they could produce in a completely normal
person." See *Josi's Case,* 324 Mass. 415, 418 (1949); *Reilly's Case,* 1
Mass. App. Ct. 825, 826 (1973) (in which we rejected the contentions
which are here made). In view of the employee's rather vague testimo-
ny indicating only that his absences for which compensation was
claimed were in general caused by the September, 1962, to April, 1963,
exposure to the ethylene glycol fumes, it was not irrational for the
single member to look to the company records and attribute to such
exposure (during which the injury occurred) those absences which
notations on the records showed were generally due to symptoms
connected with the injury. See *Ogonowsky's Case,* 338 Mass. 468, 472
(1959); *McEwen's Case,* 369 Mass. 851, 853 (1976) (explaining the
standard for review).

The insurer's contention that the employee's claim is barred by the
first sentence of G. L. c. 152, § 29 (which, as in effect prior to its
amendment by St. 1966, c. 578, provided: "No compensation shall be

paid for any injury which does not incapacitate the employee from earning full wages for a period of at least seven days"), is not included in the statement of issues in the single member's report, and there is *no indication in the record that the argument was made either before the single member or the reviewing board.* We therefore need not consider the contention. Compare *Goff's Case,* 234 Mass. 166, 120-121 (1919); *Gillard's Case,* 244 Mass. 47, 55-56 (1923); *Blanchard's Case,* 335 Mass. 175, 178 (1956). See *Gustafson's Case,* 303 Mass. 397, 401 (1939). In any event, the single member found sixteen days continuous incapacity from November 2, 1963, to November 17, 1963; the employee is thus entitled regardless of the insurer's contention to "compensation . . . from the date of injury" (G. L. c. 152, § 29), which was no later than April, 1963. The board thus properly awarded compensation for June 12, 1963, and thereafter for periods of total incapacity. See *Crowley's Case,* 287 Mass. 367, 373-375 (1934); *Steuterman's Case, supra; Corey's Case,* 336 Mass. 172, 173 (1957) ("an injury . . . becomes a compensable injury if it results in incapacity which need not be continuous but may be irregular . . . .").

*Judgment reversed.*

*William T. Salisbury (Leo Eumer* with him) for the employee.
*James C. Gahan, Jr.,* for the insurer, submitted a brief.