JAMES GEORGILAS's CASE. August 27, 1980. The insurer appeals from a judgment of the Superior Court affirming the decision of the reviewing board, which affirmed the decision of the single member awarding the employee total incapacity compensation (G. L. c. 152, § 34) and dependency benefits (G. L. c. 152, § 35A) for an injury to his back sustained at work in 1975. We affirm.

1. It appears from the record that the insurer did not bring its request for admission of certain hospital records (relating to the employee's hospitalization during 1968 for low back complaints) which were subpoenaed but not delivered until after the close of the hearing on May 19, 1977, to the attention of the single member until some time after the record was completed; nor does the record show that the insurer raised the issue of admission of the hospital records before the reviewing board. See G. L. c. 152, § 10; *Indrisano's Case*, 307 Mass. 520, 521 (1940); *Forni's Case, ante* 850 (1980). Based on our review of the record, which consists of the transcript, the single member's decision, and the decision of the reviewing board, we conclude that the judge did not abuse his discretion in denying the insurer's motion to recommit the matter to the board for the purpose of introducing the hospital records in question. The case was fully heard on the issue of causation of the employee's injury, and the evidence before the single member amply supported her findings that the employee's disability was causally related to an injury at work. See *Lopes's Case*, 277 Mass. 581, 585-588 (1931); *Whitlock's Case*, 361 Mass. 878 (1972); *Vouniseas's Case*, 3 Mass. App. Ct. 133, 139-140 (1975); *Hale's Case*, 4 Mass. App. Ct. 769, 770 (1976). Contrast *Sabbagh's Case*, 346 Mass. 504, 506-507 (1963).

2. The insurer contends that the single member erred in awarding the employee disability compensation benefits for a six-month period after his injury, during which the employee received salary payments from his employer. There is no indication in the record that this argument was made before either the single member or the reviewing board. We there-

fore need not consider it. *Casey's Case,* 6 Mass. App. Ct. 859-860 (1978). In any event, the single member found that the employee has been totally disabled since his injury and has never returned to work, and we find nothing in the record to show that any payments received by the employee from his employer for the period October 23, 1975, to April 23, 1976, were "wages . . . earned" within the meaning of G. L. c. 152, § 29, as amended through St. 1966, c. 578.

3. In its motion to recommit, the insurer also raised the issue of the reasonableness of the attorney's fee awarded to the employee's attorney by the single member, in the amount of $2,276.83, under G. L. c. 152, § 12A. Although the record before us does not reveal the time spent by the attorney on this matter, we will not disturb the single member's finding that the amount awarded was "reasonable for attorney's fees in the instant case." The only question presented is "whether it was possible on any evidence that could have been introduced for the [single member] to act within [G. L. c. 152, § 12A], and to reach the conclusion which [s]he did." *Watson's Case,* 322 Mass. 581, 586 (1948). "We are disinclined on this record to attempt to substitute our judgment for that of the [single member]." *Joyce's Case,* 350 Mass. 77, 82 (1966).

4. The insurer's remaining contentions, relative to the sufficiency of the evidence to support the single member's decision, were not part of its motion to recommit before the Superior Court and are raised for the first time on appeal. Those contentions, insofar as they raise issues not treated elsewhere in this opinion, need not be considered. *Gioioso's Case,* 5 Mass. App. Ct. 891 (1977).

*Judgment affirmed.*

*James C. Gahan, Jr.,* for the insurer.
*Paul A. Gargano,* for the employee.