BLANCHE C. MAGUIRE'S CASE.

Suffolk. December 14, 1982. — July 6, 1983.

Present: BROWN, ROSE, & DREBEN, JJ.

*Workmen's Compensation Act,* Injuries to which act applies, Street risk.

Evidence in a workmen's compensation case warranted a finding that the employee's injuries, sustained in an automobile accident while she was driving from her place of employment to retrieve medicine which she had forgotten at home and which had been prescribed for a prior work related injury, did not arise out of and in the course of her employment. [339-341]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board.

The case was heard by *Pierce, J.*

*Steven Babitsky* for the employee.

*Richard N. Curtin* for the insurer.

ROSE, J. The plaintiff, a teacher in the vocational education program of Martha's Vineyard Regional High School, brought an action in the Superior Court against her employer's insurer, seeking review of a decision of the Industrial Accident Board (Board). A Superior Court judge affirmed the decision of the Board, which included a determination that the injuries the plaintiff received in an automobile accident did not arise out of or in the course of employment. We agree.

The evidence presented before the single member of the Board was as follows: On September 9, 1976, while attending a teachers' workshop, the plaintiff injured her tooth as a result of biting into a hard object in a sandwich supplied by her employer. The next day, with the approval of her supervisor, she was treated by a dentist, who prescribed penicillin and codeine. A few days later the tooth was

extracted following the administration of a mixture of xylo-
caine and epinephrine as an anesthetic. Following the ex-
traction, as she drove back towards school, where she was
expected for the balance of the day, she began to feel sick,
weak, and tired. She pulled her car over to the side of the
road just as she reached the school driveway, and, after
looking in her purse, realized that she had forgotten her co-
deine. On the way home to retrieve her medication, she
was involved in an automobile accident in which she sus-
tained a severe concussion to her head, requiring hospitali-
zation. She presently suffers from loss of memory, loss of
hearing, difficulty with balance and coordination, and dif-
ficulty in "word-finding and production," all of which, she
claims, developed subsequent to the accident. She has been
diagnosed as aphasic and has not returned to work since the
automobile accident.

At the hearing before the single member of the Board, the
plaintiff attempted to prove that her injuries were caused
directly by the anesthetic administered by the dentist. In a
decision issued on June 4, 1981, the single member conclud-
ed that the tooth injury was compensable but that the
employee had failed to sustain her burden of proving "that
any disability she had caused by the automobile accident
was causally related to her industrial injury to her tooth on
September 9, 1976." Implicit in this determination was a
finding that the car accident caused the injuries other than
those relating to the tooth. In contrast to her position
before the single member, the plaintiff contended on appeal
to the reviewing board that since the automobile accident
occurred while en route from authorized medical treat-
ment, the resulting injuries and disabilities are compensable
as work related injuries.[1] In upholding the decision of the

---

[1] We reject the insurer's argument that since this theory was different
from that raised before the single member, the issue is not properly before
this court. To preserve an issue on appeal, the contention must be raised
before the single member or the reviewing board. See *Gillard's Case*, 244
Mass. 47, 55-56 (1923); *Demetre's Case*, 322 Mass. 95, 101 (1947); *Casey's
Case*, 6 Mass. App. Ct. 859, 860 (1978). All the evidence on which the

single member, the reviewing board rejected this argument. The plaintiff argues that this court should hold that injuries sustained while en route to treatment for a prior industrial accident[2] are compensable under G. L. c. 152 (the Workmen's Compensation Act) and should remand this case to the single member for further findings in accordance with that determination. We reject the plaintiff's formulation of the issue and affirm the judgment of the Superior Court. Because the plaintiff had returned from her dentist to her place of employment, the question before this court is whether an employee is entitled to compensation for injuries sustained in an automobile accident occurring while travelling home to retrieve medication prescribed in the treatment of work related injuries.[3] We conclude that such injuries are not compensable.

The Workmen's Compensation Act provides that an employee may collect compensation for "personal injur[ies] arising out of and in the course of his employment, or arising out of an ordinary risk of the street while actually engaged, with his employer's authorization, in the business affairs or undertakings of his employer. . . ." G. L. c. 152, § 26. An injury "arises out of" employment if it can be attributed to the "nature, conditions, obligations or incidents of the employment; in other words, [to] the employment looked at in any of its aspects." *Caswell's Case,* 305 Mass. 500, 502 (1940). *Papanastassiou's Case,* 362 Mass. 91, 93 (1972). Ordinarily, injuries occurring while the employee is going to and from a fixed place of work are not compensable. *Chernick's Case,* 286 Mass. 168, 172 (1934). *Gwaltney's Case,* 355 Mass. 333, 335 (1969). See also *Ware's Case,* 361 Mass. 885 (1972); *Corraro's Case,* 380 Mass. 357, 361 (1980). But

---

plaintiff relies was presented before the single member, and the legal issue was argued to the reviewing board.

[2] It is undisputed in this action that the tooth injury was an industrial accident.

[3] Because of our disposition of this issue, we need not decide whether injuries sustained while en route to treatment for an industrial accident arise out of and in the course of employment.

"where it appears that it was the employment which impelled the employee to make the trip, the risk of the trip is a hazard of the employment." *Caron's Case,* 351 Mass. 406, 409 (1966). *Papanastassiou's Case,* 362 Mass. at 93.

Courts allowing recovery for injuries sustained while en route to treatment of work related injuries have frequently reasoned that these injuries arise out of employment because employers have a duty to pay for medical treatment and for transportation thereto, and employees have a duty to have injuries treated in order to mitigate damages. *See, e.g., Laines* v. *Workmen's Compensation Appeals Bd.,* 48 Cal. App. 3d 872, 876-878 (1975); *Taylor* v. *Centex Constr. Co.,* 191 Kan. 130, 135-136 (1963); *Charles N. Clark Assocs.* v. *Robinson,* 357 So.2d 924, 928-929 (Miss. 1978); *Camp* v. *Lockheed Electronics, Inc.,* 178 N.J. Super. 535, 543-545 (1981); *Immer & Co.* v. *Brosnahan,* 207 Va. 720, 723-724, 727-728 (1967). Recognizing that the employer lacks the opportunity to exercise any control over a trip for medical treatment, these courts have determined, nevertheless, that the risk of injury while seeking statutorily required medical attention should, on balance, be borne by the employer rather than the employee. See *Laines* v. *Workmen's Compensation Appeals Bd.,* 48 Cal. App. 3d at 879. This justification for allowing compensation does not extend to the circumstances of this case, where the employee was not fulfilling an obligation under G. L. c. 152. While this jurisdiction recognizes the employer's responsibility to pay for the costs of medical treatment and necessary transportation (G. L. c. 152, § 30; *Snider's Case,* 334 Mass. 65, 70 [1956]; *Levenson's Case,* 346 Mass. 508, 510-513 [1963]) and the employee's obligation to secure medical care (*Floccher's Case,* 221 Mass. 54, 55 [1915]; *Akins's Case,* 302 Mass. 562, 565 [1939]), there are no comparable statutory or common law duties involved where the employee is simply returning to his home to retrieve medicine forgotten there.

Further, the employer in this situation not only lacks the ability to exercise control over the time, route, and mode of

transportation, as he does where the journey is for medical treatment, but here he also lacks control over and ability to verify the purpose of the trip. The lack of any responsibility for or control over such a journey compels the conclusion that, when injured in the automobile accident, the plaintiff was not engaged in, nor impelled by, her employer's business (see *Simmon's Case,* 341 Mass. 319, 322 [1960]), nor did the journey arise out of obligations or incidents of her employment. The plaintiff was, at the time of the accident, engaged in an independent enterprise. Such an injury is beyond the risk that an employer is required to bear.

*Judgment affirmed.*