DIANE L. FRASSA, administratrix, *vs.* RICHARD J. CAULFIELD.

Middlesex.   December 16, 1985. — April 23, 1986.

Present: BROWN, SMITH, & WARNER, JJ.

*Workmen's Compensation Act,* Common employment, Injuries to which act applies, Street risk. *Conflict of Laws.*

This court chose to apply the law of Massachusetts, rather than the law of New Hampshire, to an action brought in this Commonwealth by the administratrix of the estate of a Massachusetts resident to recover damages from the decedent's fellow employee, himself also resident here, for causing the decedent's death in New Hampshire through the negligent operation of a motor vehicle in that State, where the employees' presence in New Hampshire had been temporary and a part of the normal duties of their employment with a Massachusetts accounting firm. [107-109]

Two employees of a Massachusetts accounting firm, who had been assigned to conduct an audit on the premises of their employer's client, a private school in New Hampshire, with the understanding that they would be provided overnight accommodations at the school but would take their evening meal elsewhere, were acting in the course of their employment at the time of a motor vehicle accident which caused the death of one of them, where the two employees were returning from an evening meal and were then a ten-minute drive from the school, and where their behavior at two establishments which they had visited after the meal neither was unlawful nor contributed to the accident, with the result that the deceased employee's representative was barred under the fellow employee rule from maintaining a negligence action against the other employee, who was the operator of the motor vehicle. [110-113]

CIVIL ACTION commenced in the Superior Court Department on November 17, 1978.

A motion for summary judgment was heard by *Peter F. Brady,* J., and the case was reported by *Hiller B. Zobel,* J.

*Dominic J. Paratore* for the plaintiff.

*John D. Boyle* for the defendant.

WARNER, J. This case comes to us on a report of a Superior Court judge upon the request of the parties and with a stipulation of material facts. See Mass.R.Civ.P. 64, 365 Mass. 831 (1974); G. L. c. 231, § 111.

The plaintiff's decedent, Richard D. Frassa, and the defendant, Richard J. Caulfield, Massachusetts residents and employees of a Massachusetts accounting firm, were assigned to conduct an audit of the records of a private school in New Hampshire. The normal duties of Frassa and Caulfield were to conduct audits on the premises of clients of the employer. On Monday, June 19, 1978, Frassa and Caulfield traveled to the school in Caulfield's car. The employer was required to reimburse Caulfield for his car mileage and both men for their meal expenses. They stayed overnight at the school in a room furnished only with two beds and two bureaus; they were required to take their evening meal out of the school.

On Thursday, June 22, Frassa and Caulfield finished their work at about 8:00 P.M.; the audit was not completed. They then drove, in Caulfield's car, to a restaurant, located about one-half to three-quarters of an hour from the school, for dinner. Following dinner, they drove for about half an hour to another establishment where they listened to a band and drank some beer. After about half an hour, the men drove to yet another establishment where they played games of air hockey and spent some time in a lounge. Shortly after midnight, on the trip back to the school and at a point about a ten-minute drive from the school, Caulfield failed to negotiate a turn on the road, the car tipped over, and Frassa was killed. The parties are in agreement (1) that Caulfield's negligence was the proximate cause of Frassa's death, and (2) as to the amount of the monetary damages resulting from Frassa's death.

At the time of the accident, the employees were covered by workers' compensation insurance. See G. L. c. 152. Frassa had not reserved his common law rights. *Id.* § 24. On July 13, 1978, the plaintiff filed a claim for workers' compensation benefits. A single member of the Industrial Accident Board (board) denied the claim. Subsequently, the plaintiff and the employer's insurer compromised the claim, and a lump sum settlement agreement in the amount of $155,500 was approved by the board on May 21, 1984. See G. L. c. 152, § 48. The agreement expressly provides that it is not an acknowledgement that Frassa was acting in the course of his employment at the

time of the accident. Indeed, the agreement states the insurer's contrary position. In the meantime, the plaintiff commenced this action, on November 17, 1978, against Caulfield seeking damages for wrongful death and conscious pain and suffering.[1]

The plaintiff argues first that the law of the place of the wrong should be applied to determine Caulfield's liability. Under the New Hampshire workers' compensation law at the time of the accident, a deceased employee's legal representative was permitted to sue the employer on common law principles. N.H. Rev. Stat. Ann. § 281.12 (1977). See *Park* v. *Rockwell Intl. Corp.*, 121 N.H. 894 (1981). New Hampshire law also permitted suits against fellow employees. See *LaBounty* v. *American Ins. Co.*, 122 N.H. 738, 743 (1982).[2] On the other hand, under the law of Massachusetts, "where compensation benefits are available under G. L. c. 152, an employee injured *in the course of his employment* by the negligence of a fellow employee may not recover from that fellow employee *if he also was acting in the course of his employment. Murphy* v. *Miettinen,* 317 Mass. 633, 635 (1945)" (emphasis supplied). *Saharceski* v. *Marcure,* 373 Mass. 304, 306 (1977). See the amendment to G. L. c. 152, § 15, by St. 1971, c. 941, § 1. Alternatively, the plaintiff argues that even if the law of Massachusetts applies, the plaintiff's cause of action is not barred by the fellow employee rule because neither Frassa nor Caulfield was acting in the course of his employment at the time of the accident.

1. *The choice of law.* We think the decision in *Saharceski* v. *Marcure, supra,* is dispositive of the question of which State's law applies to determine whether this action may be maintained. In *Saharceski,* the plaintiff and the defendant,

---

[1] Amendments added the partners of the employer as defendants. Following the approval by the board of the lump sum settlement agreement, summary judgment was entered as to them.

[2] Section 281:12 was amended by Laws 1973, 46:1, so as to preclude actions against the employer and against a fellow employee except for intentional torts. N.H. Rev. Stat. Ann. 281:12 (Supp. 1985). The amendment became effective on June 27, 1978, four days after Frassa's death. *Park* v. *Rockwell Intl. Corp., supra* at 897.

Massachusetts residents and employees of a Massachusetts corporation, were acting within the course of their employment while traveling by motor vehicle through Connecticut without intending to stop in that State. The plaintiff was injured as a result of the negligent operation of the motor vehicle by the defendant. The employees were covered by workers' compensation insurance under G. L. c. 152, and the plaintiff collected benefits from the insurer. Under the law of Connecticut, the plaintiff would also be entitled to recover from the defendant. The Supreme Judicial Court concluded that the substantive law of Massachusetts applied so as to bar recovery under the fellow employee rule. The Court "focus[ed] on the established relationship of the parties, their expectations, and the degree of interest of each jurisdiction whose law might be applied." *Id.* at 310. "Although traditionally we would look to the law of the place of the alleged wrong to determine whether the defendant's conduct was tortious, the matter of the right of a particular resident of this Commonwealth to sue and recover from another resident of this Commonwealth may be governed more properly in particular instances by Massachusetts law [footnote omitted]. . . . [R]eference to the law of the place of common employment provides both a certain source for the resolution of the issue and assurance that the ability to maintain a tort action will not turn solely on the fortuitous circumstance of where the accident takes place." *Id.* at 310-311.

The plaintiff's attempts to distinguish *Saharceski* factually are not persuasive. First, the issue whether Frassa and Caulfield were acting in the course of their employment at the time of the accident should be resolved under the law of Massachusetts. As in *Saharceski*, all of the substantial contacts of Frassa and Caulfield were with Massachusetts. Moreover, the plaintiff has already collected substantial workers' compensation benefits by virtue of a lump sum agreement under G. L. c. 152, § 48. Second, while Frassa and Caulfield were in New Hampshire for several days, their presence was temporary and a part of their normal duties. Finally, there is nothing in the plaintiff's argument that New Hampshire has a greater interest than Massachusetts because of highway safety concerns where death results from injuries sustained in an accident.

Even if we were to apply the rule that the law of the place of the wrong determines the substantive rights of the parties, we think that in the circumstances the Supreme Court of New Hampshire would apply Massachusetts law. See *LaBounty* v. *American Ins. Co.*, 122 N.H. 738 (1982);[3] *In re Estate of Wood*, 122 N.H. 956 (1982). "We suspect that the [New Hampshire] court would regard [New Hampshire's] transient interest in the circumstances of this case as insignificant in relation to the established, continuing employment relationship of [Frassa], the defendant, and their employer under Massachusetts law." *Saharceski* v. *Marcure*, 373 Mass. at 315-316. Our conclusion in this respect is buttressed by the abolition in New Hampshire in 1978 of even the limited right of action against an employer by the representative of a deceased employee and against a fellow employee except in the case of intentional torts. N.H. Rev. Stat. Ann. § 281:12 (Supp. 1985).

2. *The status of Frassa and Caulfield at the time of the accident.* Were Frassa and Caulfield acting in the course of their employment at the time of the accident which caused Frassa's death? If so, the plaintiff is barred from recovery against Caulfield under the fellow employee rule. *Comeau* v. *Hebert*, 352 Mass. 634, 635 (1967). *Saharceski* v. *Marcure, supra* at 306. General principles in this regard are well established and may simply be stated. Under G. L. c. 152, § 26, an employee may collect workers' compensation benefits for "personal injur[ies] arising out of and in the course of his employment, or arising out of an ordinary risk of the street while actually engaged, with his employer's authorization, in the business affairs or undertakings of his employer." The "going and coming" rule (which precludes recovery for injuries sustained in travel to and from the place of employment) has

---

[3] "In a choice-of-law question, this court has rejected the traditional *lex loci delicto* rule that the law of the forum where the injury occurs is paramount and instead has considered five choice-influencing considerations: (1) the predictability of results; (2) the maintenance of reasonable orderliness and good relationships among the States in the federal system; (3) simplification of the judicial task; (4) advancement of the governmental interest of the forum; and (5) the court's preference for what it regards as the sounder rule of law." *Id.* at 741.

no application to employees who have no fixed place of employment. *Wormstead* v. *Town Manager of Saugus*, 366 Mass. 659, 666-667 (1975), and cases cited. See *Swasey's Case*, 8 Mass. App. Ct. 489, 493-494 (1979); *Maguire's Case*, 16 Mass. App. Ct. 337, 339-340 (1983). Compare *Papanastassiou's Case*, 362 Mass. 91, 93-94 (1972). "An injury arises out of the employment if it arises out of the nature, conditions, obligations or incidents of the employment; in other words, out of the employment looked at in any of its aspects." *Caswell's Case*, 305 Mass. 500, 502 (1940). *Bator's Case*, 338 Mass. 104, 106 (1958). *Papanastassiou's Case, supra* at 93. *Allen* v. *Selectmen of Weymouth*, 15 Mass. App. Ct. 1009 (1983). Where injuries are incurred while an employee is traveling and "it appears that it was the employment which impelled the employee to make the trip, the risk of the trip is a hazard of the employment." *Caron's Case*, 351 Mass. 406, 409 (1966). *Papanastassiou's Case, supra. Swasey's Case, supra* at 494. *Maguire's Case, supra* at 340.

Frassa and Caulfield were lodged in a room at the school where they were temporarily employed. They were required to take their meals out and were given a per diem allowance for the purpose. In addition, Caulfield was entitled to reimbursement for the use of his automobile. We think there is no question that during reasonable travel to and from the evening meal on the night of the accident, travel clearly impelled by the nature and conditions of the employment, Frassa and Caulfield were acting in the course of their employment. The plaintiff appears to concede the proposition but argues that, as the subsequent trips to two places for personal entertainment were not in any way related to the employment, the chain which linked the dinner trip to the business of the employer was irreparably severed. The defendant contends that the activities in which he and Frassa engaged after dinner were reasonable and to be expected of employees away from home, and that they were incidental to their employment. Hence, says the defendant, injuries sustained during the return from those activities are compensable under the Worker's Compensation Act. The precise question presented by the facts of this case

has not heretofore been considered by either of our appellate courts.[4]

It is not necessary to determine whether Frassa and Caulfield could be considered to have been acting in the course of their employment at the places they visited after dinner. Frassa was not injured during those activities.[5] Contrast, *McManus's Case*, 289 Mass. 65 (1935) (injury to caddy while playing golf on day off not within the course of employment); *Donovan* v. *Johnson*, 301 Mass. 12 (1938) (injury to employee while assisting coemployee complete milk delivery not compensable); *Mandell's Case*, 322 Mass. 328 (1948) (employee not compensated for disease acquired while in Mexico when primary purpose of trip was not a business purpose); *Moore's Case*, 330 Mass. 1 (1953) (injuries sustained during recreational activities may be compensable, case remanded for findings by the board); *Corraro's Case*, 380 Mass. 357 (1980) (no compensation when employee was injured while cashing check during lunch break); *Kemp's Case*, 386 Mass. 730 (1982) (no compensation for employee's after-work injury sustained while playing softball); *United States Fid. & Guar. Co.* v. *Skinner*, 188 Ga. 823 (1939) (after employee on business trip registered in hotel, he left to go to restaurant eighteen miles away in order to get a seafood dinner and see the ocean; injury enroute to restaurant not in the course of employment); and *Neese* v. *State Medical Soc.*, 36 Wis.2d 497 (1967) (traveling employee's deviation to restaurant thirty-two miles away of a personal nature, and injury on the way to restaurant not compensable, even though State workers' compensation statute contained provision covering

---

[4] In *Belyea's Case*, 355 Mass. 721 (1969), the court upheld the denial of workers' compensation benefits where it was not shown that at the time of the accident a truck driver, who had gone off his route and visited a tavern, had regained the route he might be expected to take to his employer's garage.

[5] General Laws c. 152, § 1(7A), has been amended by St. 1985, c. 572, § 11 (effective as to that amendment on January 1, 1986, § 68) by adding the following: " 'Personal injury' shall not include any injury resulting from an employee's purely voluntary participation in any recreational activity, including but not limited to athletic events, parties, and picnics, even though the employer pays some or all of the cost thereof."

"acts [of traveling employees] reasonably necessary for living"). See 1A Larson, Workmen's Compensation § 25.21 (1985), and cases cited.

Nor do we consider the reasonableness or foreseeability of the conduct. See, e.g., *Capizzi* v. *Southern Dist. Reporters, Inc.,* 61 N.Y.2d 50, 53 (1984) ("Thus, if an employee is 'directed, *as part of his duties*, to remain in a *particular* place or locality . . . for a specified length of time . . . the rule applied is simply that the employee is not expected to wait immobile, but may indulge in any *reasonable* activity at that place, and if he does so the risk inherent in such activity is an incident of his employment' " [emphasis in original], quoting from *Davis* v. *Newsweek Magazine*, 305 N.Y. 20, 27-28 [1953]). There is nothing in the record which suggests that the behavior of Frassa or Caulfield at the establishments they visited after dinner was unlawful or contributed to the accident on the return trip to the school. Compare, e.g., *Bush* v. *Parmenter*, 413 Mich. 444 (1982) (deviation from return business trip was of such a nature and length that it extensively increased the likelihood of injury and was unrelated to the purpose of employment, and compensation denied), with *Rainear* v. *Rainear*, 63 N.J. 276 (1973) (injury and death of employee compensable where employee, whose travel expenses were paid by his employer, was in car accident on his way home along permissible route after having stopped at a restaurant en route for approximately ten hours to eat and drink). See 1 Larson, *supra* § 19.29, and cases collected.

The accident happened within a ten-minute drive from the school on a road which Caulfield assumed was the same as the one on which he had driven to the restaurant for dinner. The drive to the restaurant took about one-half to three-quarters of an hour. There is no indication in the record that the driving conditions at the time of the accident were any different from those which existed immediately after dinner.[6] We hold only

_____

[6] We thus need not reach the question presented by cases involving accidents occurring at points of travel reached by personal deviation from employment-impelled travel. See *Judkins's Case*, 315 Mass. 226 (1943) (traveling salesman killed in sales territory but no evidence showing business activity);

that in these circumstances Frassa and Caulfield were acting in the course of their employment at the time of the accident. Cf. *Belyea's Case*, 355 Mass. 721, 723 (1969). A majority of jurisdictions which have considered the question have reached the same conclusion. See 1A Larson, *supra* § 25.00, and cases collected. The plaintiff is, therefore, barred by the fellow employee rule from maintaining the present action.

The case is remanded to the Superior Court, where a judgment is to be entered for the defendant.

*So ordered.*

---

*Belyea's Case*, 355 Mass. 721 (1969) (truck driver killed after leaving tavern on route not between tavern and employer's garage); *Maguire's Case*, 16 Mass. App. Ct. 337 (1983) (teacher injured when she went home to retrieve medicine which she had forgotten and which had been prescribed for a prior work-related injury). See generally 1 Larson, *supra* §§ 19.31 ("When an employee deviates from his business route by taking a side trip that is clearly identifiable as such, he is unquestionably beyond the course of his employment while going away from the business route and toward the personal objective. . . ."), and 19.33 ("[A] deviation problem that has produced some split of opinion: the question whether an employee, who has completed a personal side trip and is moving back toward his business route when injured, should be deemed to have resumed his employment as soon as he starts back, or only when he actually regains the main business route or destination").