MORRIS S. PHILLIPS'S CASE.

No. 95-P-736.

Suffolk. January 11, 1996. - November 15, 1996.

Present: ARMSTRONG, KASS, & LENK, JJ.

*Workers' Compensation Act,* Judicial review, Hearing, Presumptions and
burden of proof, Compensation.

In a workers' compensation proceeding before a reviewing board of the
Department of Industrial Accidents, the board did not err in declining
to allow the insurer to introduce issues that had not been raised before
the administrative judge and which were not based on newly discovered
evidence. [615-619]
A reviewing board of the Department of Industrial Accidents correctly
concluded that G. L. c. 52, § 51A, did not apply to allow the injured
worker the maximum benefit rate for the insurer's refusal to pay
compensation prior to the administrative judge's decision, where the
injury in question occurred before the effective date of that provision
and where the provisions of G. L. c. 35C were not applicable to benefits
under § 51A. [619-620]

APPEAL from a decision of the Industrial Accident Review-
ing Board.

*James C. Gahan, Jr. (William A. Navarro* with him) for the
insurer.

*Alan S. Pierce* for the employee.

LENK, J. In this workers' compensation case, Arrow
Mutual Liability Insurance Company (Arrow)[1] appeals, pur-
suant to G. L. c. 30A, § 14, and G. L. c. 152, § 12(2), from a
decision of the reviewing board (board) of the Department of
Industrial Accidents (department) affirming an award of total
and partial disability compensation to Morris S. Phillips.
Phillips cross-appeals. Arrow contends on appeal that the
board erred by refusing to consider Arrow's defenses under

---

[1]Arrow is the insurer for Phillips's then employer, Sylvania Electric
Products.

G. L. c. 152, § 35E, which bars workers' compensation for retirees in some situations, and under § 41, the statute of limitations. Arrow raised these defenses for the first time on its appeal to the board from a decision of an administrative judge of the department.[2] In his cross-appeal, Phillips contends that it was error for the board to reverse the administrative judge's application of G. L. c. 152, § 51A, which had allowed Phillips the maximum benefit rate because Arrow had refused to compensate Phillips prior to the judge's decision.

*Background.* Phillips filed his claim for benefits against Sylvania Electric Products (Sylvania) and Arrow with the department on July 1, 1988, pursuant to G. L. c. 152, § 10. Phillips asserts that he was rendered totally disabled from August 1, 1984, and thereafter due to a condition of berylliosis caused by work conditions during his 1941-1942 employment at Sylvania. On November 8, 1988, the judge held a conference between the parties pursuant to G. L. c. 152, § 10A, and denied Phillips's claim for compensation by an order filed December 5, 1988. Phillips appealed from the denial pursuant to § 10A(3) and a hearing was held pursuant to § 11 on January 12, 1989, before the same judge.

At the January 12, 1989, hearing, Phillips contended that his claim was compensable under G. L. c. 152, §§ 34,[3] 30, 13,[4] 35C and 51A. Arrow raised the following issues: it claimed exemption from liability for any nonberylliosis-related problems; it questioned whether Phillips was actually disabled, and if so, to what extent; it asserted that the inhalation of beryllium particles was not causally related to Phillips's disability; and it claimed that Phillips was not entitled to benefits under G. L. c. 152, §§ 36,[5] 13 and 30. The judge received certain of Phillips's medical records and personal

[2]Arrow also contends that Phillips's claim is barred by G. L. c. 152, § 49, as in effect at the time of Phillips's injury, which concerned itself with prejudice to an employer by the untimely filing of an employee's claim. Because Arrow raises this issue for the first time on appeal, we do not consider it. *Casey's Case*, 6 Mass. App. Ct. 859, 860 (1978).

[3]General Laws c. 152, § 34, provides for compensation for injuries resulting in a temporary, total incapacity.

[4]Sections 13 and 30 deal with the rate of payment and compensation for medical expenses related to the contested injury.

[5]Section 36 authorizes compensation for specific permanent injuries. Phillips never claimed compensation under § 36, and the judge did not order compensation under that section.

papers in evidence and heard Phillips's testimony on direct and cross-examination. The judge closed the record but allowed the parties until March 16, 1989, to file depositions of the physician experts and additional medical records. The judge filed her decision almost two years later, on January 25, 1991.

The relevant facts as found by the administrative judge and later adopted by the board are as follows. At the time of the hearing before the judge, Phillips was 67 years old. Phillips had worked for Sylvania as a janitor from 1941 to 1942, where his duties included sweeping a room free of broken fluorescent bulbs that had been coated with beryllium liquid. This room also contained beryllium powder, which covered the floor, permeated the clothes of employees and saturated the air. On one occasion, Phillips cut his arm on a broken beryllium light bulb, requiring four stitches. The parties stipulated that Phillips was exposed to free beryllium oxide during his employment at Sylvania. Phillips was drafted into the U.S. Army Air Corps in 1942 and served until 1946. Phillips earned a law degree at Boston University, and after a brief stint in private practice became a conveyancer for the U.S. Army Corps of Engineers in 1952. He retired from the Corps's real estate division on January 31, 1984. Phillips now receives both monthly retirement benefits and monthly social security benefits.

Phillips testified that his health was not a factor in deciding to retire. He asserted that he planned to return to work in a private law partnership with a colleague. Phillips admitted, however, that no plans were in writing and that the colleague had only agreed to give Phillips some work and eventually to form a partnership. While the judge found that Phillips actually had no firm plans to resume his legal career, she also found that he would not have been able to work as an attorney due to his debilitating medical problems which began in 1984.

In 1973, Dr. Walter Donahue, Sylvania's medical director, diagnosed Phillips as having a beryllium-related lung disease. Other evidence of berylliosis arose in medical examinations throughout the next decade. Dr. Lawrence Baker (on behalf of Phillips) and Dr. Alan Balsam (on behalf of Arrow) examined Phillips in 1989. The judge adopted the opinions of Drs. Baker and Balsam that, as a result of beryllium exposure,

Phillips suffers from pulmonary berylliosis, which gave rise to a condition of hypercalcemia and a history of recurring calcium stones in Phillips's kidneys and bladder. The judge found that Phillips became totally disabled from September 2, 1984, until June 8, 1988, as a result of hydrocortisone treatments, which were administered to combat the hypercalcemia. The treatments caused periods of excessive weight gain, nervousness and an inability to concentrate. The judge found that Phillips was partially disabled after June 8, 1988, and continuing thereafter.

The judge ordered in relevant part that Arrow pay Phillips weekly temporary total disability benefits under G. L. c. 152, § 34, for the period of September 2, 1984, to June 8, 1988, and temporary partial disability benefits pursuant to G. L. c. 152, § 35, from June 9, 1988, to date and continuing. Arrow appealed to the board on February 8, 1991, and filed its brief on July 19, 1991, contending, inter alia, that G. L. c. 152, § 51A, was inapplicable and asserting that G. L. c. 152, §§ 35E and 41, barred Phillips's claim. Three years later, on August 31, 1994, the board affirmed the judge's decision to order compensation. However, the board did agree with Arrow that only § 35C, and not § 51A, could be applied to Phillips's § 35 benefits; this resulted in the reduction of his § 35 compensation rate. The board declined to pass on Arrow's other arguments under §§ 35E and 41 as they had not been raised before the judge.

*Standard of review.* Both parties contend that the board, in different respects, committed errors of law, but neither disputes the board's findings of fact. Where the board has committed an error of law, we may, pursuant to G. L. c. 30A, § 14(7)(c), modify its decision. *Lettich's Case,* 403 Mass. 389, 395 (1988). *Larocque's Case,* 31 Mass. App. Ct. 657, 658 (1991). We are to "give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it." G. L. c. 30A, § 14 (as appearing in St. 1976, c. 411, §§ 1, 2).

*Arrow's appeal.* The board declined to address Arrow's arguments that G. L. c. 152, §§ 35E[6] and 41,[7] barred Phillips's claim because Arrow failed to raise these issues at the

---

[6]At the time that Arrow appealed to the board on February 8, 1991, G. L. c. 152, § 35E (added by St. 1985, c. 572, § 45), read in relevant part, "Any person receiving old age benefits pursuant to federal social security

hearing before the judge. Arrow argues that the board's refusal to consider issues not raised at the hearing constitutes an error of law. Section 35E bars persons who receive social

law or receiving pension benefits paid in part or entirely by an employer shall not be entitled to benefits under section thirty-five, unless such employee can establish that but for the injury, such employee would have remained active in the labor market."

Although § 35E did not exist at the time of Phillips's injury, the section applies to his case. Pursuant to G. L. c. 152, § 2A, a statute which the Legislature did not in any way indicate should be deemed substantive will instead be considered procedural and will apply retroactively. Section 2A (added by St. 1946, c. 386, § 3) instructs,

> "Every act, in amendment of this chapter, in effect on the effective date of this section or thereafter becoming effective which increases the amount or amounts of compensation payable to an injured employee or his dependents shall, for the purposes of this chapter, be deemed to be substantive in character and shall apply only to personal injuries occurring on and after the effective date of such act, unless otherwise expressly provided. Every act, in amendment of this chapter, in effect on the effective date of this section or thereafter becoming effective which is not deemed to be substantive in character within the meaning of this section shall be deemed to be procedural or remedial only, in character, and shall have application to personal injuries irrespective of the date of their occurrence, unless otherwise expressly provided."

Section 2A was amended by St. 1991, c. 398, § 16. Section 35E was amended by St. 1991, c. 398, § 66. These amendments are not relevant to this case.

[7]General Laws c. 152, § 41, was added by St. 1911, c. 751, pt. 2, § 5, amended by St. 1929, c. 326, § 2, amended by St. 1965, c. 487, § 1, and further amended by St. 1985, c. 572, § 50.

The amendments of 1965 and 1985 only apply to injuries occurring after the effective dates of those amendments. As will be more fully discussed, Phillips's injury occurred in 1942. Therefore, § 41, as amended by St. 1929, c. 326, § 2, applies to this case. See *Squillante's Case*, 389 Mass. 396, 397 (1983). As of 1942, § 41 read:

> "No proceedings for compensation for an injury shall be maintained unless a notice thereof shall have been given to the insurer or insured as soon as practicable after the happening thereof, and unless the claim for compensation with respect to such injury has been made within six months after its occurrence, or, in the case of the death of the employee, or in the event of his physical or mental incapacity, within six months after death or the removal of such incapacity. . . ."

security or a pension from collecting workers' compensation benefits for partial, temporary disabilities unless the person can show that "but for" the injury, he would have returned to work. Arrow argues that § 35E bars Phillips's claim because Phillips receives social security benefits and a pension and that, since the judge found that Phillips had no firm plans to return to work, Phillips had not satisfied the statutory requirement of showing that "but for" the injury, he would have returned to work. Arrow also argues on appeal that Phillips failed to file his claim within six months of his injury, as required by § 41, and therefore did not satisfy the applicable statute of limitations.

Title 452 Code Mass. Regs. § 1.11(3) (1988), of which we take judicial notice, see *Bagge's Case,* 5 Mass. App. Ct. 839, 840 (1977),[8] provides in pertinent part that:

"Before the taking of testimony in a hearing before an administrative judge, the insurer shall state clearly the grounds on which the insurer . . . has declined to pay compensation . . . provided that such statements are based on grounds and factual basis reported by the insurer or based on newly discovered evidence within the provisions of [G. L. c. 152, § 7[9]]. On all other issues

---

[8]In *Bagge's Case,* we took notice of rule IV(3) of the Rules of the Industrial Accident Board, predecessor to 452 Code Mass. Regs. § 1.11(3), which contained essentially the same language. In *Bagge's Case,* the employee's parents were eligible to receive double compensation if the employer knew their son was a minor. We decided that the board committed no error in awarding double damages, despite the fact that the administrative judge did not make a specific finding that the employer knew the son was a minor, since the employer had not raised the issue at the outset of the hearing.

[9]At all times relevant to this appeal, G. L. c. 152, § 7(1) (amended by St. 1985, c. 572, § 18), provided that:

"Within fourteen days of receipt of the employer's notice of injury, the insurer shall either commence payment of weekly incapacity benefits under section thirty-four or thirty-five to the employee or shall notify . . . the employee by certified mail of its refusal to commence the payments and of its intent to contest a claim should the employee file a claim with the department. The notice shall specify the grounds and factual basis for the refusal to commence payment of such benefits. . . . Any grounds and basis for noncompensability

the employee's rights under G. L. c. 152 shall be deemed to have been established."

By virtue of this regulation, Phillips's rights under G. L. c. 152, were deemed established before the judge notwithstanding the provisions of § 35E. We note that Arrow neither sought to amend its defenses nor requested the board to order a rehearing based on newly discovered evidence. While the board may, if requested, order a rehearing on the grounds of newly discovered evidence, a rehearing is warranted only if such evidence is likely to have a material effect upon the result and if such evidence could not reasonably have been discovered prior to the hearing by the exercise of proper diligence. See *Vouniseas's Case*, 3 Mass. App. Ct. 133, 140 (1975). Under the circumstances here, a rehearing was not required, even if one had been requested.

In a workers' compensation case, the claimant shoulders the burden of proof as to all elements of the claim: employment within the coverage of the act, injury arising out of and in the course of employment, causal relation between injury and disability, extent of disability, and a timely claim. Locke, Workmen's Compensation § 502 (2d ed. 1981). The Legislature has, however, placed the burden on insurers to inform claimants of the issues it will contest. See G. L. c. 152, § 7. Section 7 goes so far as to provide, "Any grounds and basis for noncompensability specified by the insurer shall be the sole basis of the insurer's defense on the issue of compensability in any subsequent proceeding, unless based upon newly discovered evidence." Arrow's burden was to raise the grounds on which it disclaimed liability for Phillips's injuries. The board committed no error of law in preventing Arrow from introducing issues which had not been raised before the judge and which were not based on newly discovered evidence.

It is clear that the board, in its discretion, may pass on issues not previously argued before an administrative judge.

specified by the insurer shall be the sole basis of the insurer's defense on the issue of compensability in any subsequent proceeding, unless based upon newly discovered evidence."

Section 7 was later amended by St. 1991, c. 398, § 20. This amendment is not relevant to this case.

*Casey's Case*, 6 Mass. App. Ct. 859, 860 (1978). *Maguire's Case*, 16 Mass. App. Ct. 337, 338-339 n.1 (1983). See *Georgilas's Case*, 10 Mass. App. Ct. 872, 872-873 (1980). Nonetheless, nothing in these cases, or in any others of which we are aware, requires the board to decide issues not previously raised before the judge. The board neither abused its discretion nor erred as a matter of law in refusing to address issues not previously raised.[10] If supported by the evidence and not tainted by error of law, as here, a board's decision is final. *Haley's Case*, 356 Mass. 678, 680 (1970).

*Phillips's appeal.* The board found that § 51A did not apply to Phillips's case and consequently reduced his benefits as calculated by the judge.[11] Section 51A allows workers' compensation benefits to be calculated as of the date of the final decision in a contested case, where the insurer, prior to the date of decision, denied the claimant compensation. Phillips argues that, since Arrow refused to pay throughout the proceedings, his compensation rate should be as calculated by the judge pursuant to § 51A. Section 51A, however, was added by St. 1969, c. 833, § 1, and, by § 2, made applicable only to injuries occurring on or after November 25, 1969. Phillips's disability stems from his gradual exposure to beryllium oxide in 1941-1942. The date of injury in such a case is the date of last exposure to the foreign matter, not the date of disability. See *Squillante's Case*, 389 Mass. at 397. This

---

[10]*Maguire's Case*, 16 Mass. App. Ct. at 338-339 n.1, does not control the result in this case. In *Maguire's Case*, an issue presented by the claimant to the board but not to the judge was nonetheless preserved on appeal. Following the decision in *Maguire's Case*, the Legislature amended § 7 by limiting the insurer to defenses it specified in its notice to the claimant, which notice is to be made within fourteen days, thereby ensuring that claims are quickly investigated and accepted or contested. If contested, the claimant will have notice of the grounds on which the insurer denies compensation, enabling the claimant to prepare his case. Title 452 Code Mass. Regs. § 1.11(3), promulgated pursuant to § 7, requires an insurer to state its grounds for defense at the hearing.

[11]General Laws c. 152, § 51A, provides that:

"In any claim in which no compensation has been paid prior to the final decision on such claim, said final decision shall take into consideration the compensation provided by statute on the date of the decision, rather than the date of the injury."

remains true even where the disability arises long after employment has ceased. *Id.*

Phillips argues that § 35C permits § 51A to be applied to his case.[12] Section 35C allows a claimant's compensation rate to be calculated as of the date of disability rather than as of the date of injury, where a period of five years or more has elapsed between the injury and the onset of disability. Section 35C applies to Phillips because his injury occurred in 1942, but his disability did not arise until 42 years later. Phillips argues that, insofar as § 35C applies to all cases regardless of the date of injury,[13] it authorizes § 51A to be applied in cases where § 35C applies. The language used by the Legislature in enacting § 51A, however, is explicit; it applies only to injuries occurring after November 25, 1969. Phillips's injuries occurred in 1942. Further, § 35C states that it may apply to benefits under §§ 31, 34, 34A, 34B, 35 and 35F, but makes no mention of § 51A. Because § 51A has no application to Phillips, the board did not err in reducing Phillips's benefits.

The decision of the board is affirmed.

*So ordered.*

---

[12]Section 35C (amended by St. 1986, c. 662, § 51) reads in part:

> "When there is a difference of five years or more between the date of injury and the initial date on which the injured worker or his survivor first became eligible for benefits under section . . . thirty-four [total incapacity] . . ., or section thirty-five [partial incapacity], the applicable benefits shall be those in effect on the first date of eligibility for benefits."

[13]Section 66 of St. 1985, c. 572, provided that ". . . section thirty-five C of said chapter one hundred and fifty-two, as appearing in section forty-five of this act, shall be deemed to be procedural in character."