Lauriat, Peter M., J.
On February 1, 2007, the Workers’ Compensation Trust Fund (“Trust Fund”) commenced this action against Air-Ride, Inc. (“Air-Ride”) and Al Mackey, Air-Ride’s President and CEO, to recover the monies it was required to pay as workers’ compensation benefits to an Air-Ride employee, Linda Gouthro (“Gouthro”), who was allegedly injured while on the job with Air-Ride. Air-Ride allegedly had no workers’ compensation insurance in force in Massachusetts at the time of Gouthro’s employment. The Trust Fund and the defendants have now cross moved for summary judgment. For the following reasons, the defendants’ motion is allowed and the Trust Fund’s motion is denied.
BACKGROUND
Gouthro alleged that she suffered an injury on May 20, 2004, while working in Massachusetts during the course of her employment with Air-Ride, an Ohio-based company that conducts business in several states. Air Ride denied Gouthro’s claim for workers’ compensation benefits.
Since Gouthro’s alleged injury took place in Massachusetts and since Air-Ride allegedly did not have Workers’ Compensation insurance here as required by G.L.c. 152, §25A, Gouthro filed a claim against the Trust Fund for workers’ compensation benefits on *273 October 19, 2004. The Trust Fund denied Gouthro’s claim based on the provisions of G.L.c. 152, §65(2)(e)(i).[1] However, on April 1, 2005, Judge Maureen McManus of the Department of Industrial Accidents (“DIA”) issued an interim conference decision, ordering the Trust Fund to pay Gouthro maximum partial disability benefits in the amount of $360 per week starting April 1, 2005, pending a full impartial examination and evidentiary hearing.
On April 11, 2006, Gouthro applied for workers’ compensation benefits in Ohio for her injuries arising from the same incident. The defendants provided workers’ compensation benefits for Air-Ride’s employees through a plan sanctioned by the Industrial Commission of Ohio and all employees, including Gouthro, signed a hiring contract which included an agreement to be bound by the Workers’ Compensation Laws of the State of Ohio. After several hearings and appeals, the Industrial Commission of Ohio denied Gouthro’s Ohio claim for workers’ compensation benefits on September 21, 2006.
A full evidentiary hearing was held at the DIA on November 8, 2006, January 26, 2007, April 18, 2007, and May 24, 2007. On April 30,2008, Judge McManus denied and dismissed Gouthro’s Massachusetts Workers’ Compensation claim on the ground that she did not sustain an injury arising out of and in the course of her employment with Air-Ride.
On February 13,2006, Gouthro filed a separate civil action against Air-Ride in the Bristol County Superior Court pursuant to G.L.c. 152, §§66 and 67, alleging that Air-Ride wrongfully failed to carry workers’ compensation insurance in Massachusetts. After a two-day trial on January 8, 2008 and January 9, 2008, a jury found that Gouthro was not injured in the course of her employment on May 20, 2004, and her civil action was dismissed.
The Trust Fund then brought this action against the defendants to collect the funds that it paid to Gouthro pursuant to the initial DIA order issued by Judge McManus.
DISCUSSION
Summary judgment is appropriate if there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party must demonstrate the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991). In the present case, the defendants can satisfy this burden by demonstrating that Gouthro cannot satisfy the essential element that her injury arose out of and in the course of employment, and therefore the Trust Fund, standing in Gouthro’s shoes, does not have a legal right to recover from the defendants the monies it paid Gouthro.
G.L.c. 152, §65(8) provides that “(i]f the trust fund pays compensation to a claimant ... it may seek recovery from the uninsured employer for an amount equal to the amount paid on behalf of the claimant under this chapter, plus any necessary and reasonable attorney fees.” In such a circumstance, the trust fund would “stand in the place of the injured employee and has no greater rights to recovery then would the employee.” Roberta Alimenti v. Alex and Alex Wallcovering, Workers’ Compensation Fluid, 3 Mass. Workers’ Comp. Rep. 52, 3-4 (1989). Payment alone does not impose any liability on the uninsured employer and the employer may raise any defenses that it may have under the Workers’ Compensation Act. Id. If the uninsured employer is successful in defending against the employee’s claim, it has no obligation to pay damages to the employee. Id. It follows that in such a circumstance, there would be no reimbursement to the Trust Fund. Id.
An employee seeking workers’ compensation has the burden of proof on all elements of a workers’ compensation claim, which include (1) employment within the coverage of the act, (2) injury arising out of and in the course of employment, (3) a causal relation between the injury and his disability, (4) the extent of his disability and (5) the timeliness of his claim. Case of Philips, 41 Mass.App.Ct. 612, 618 (1996). Whether the injury that the employee sustained arose out of and in the course of employment is a question of fact. Case of Hicks, 62 Mass.App.Ct. 755, 762 (2005); Case of Holmes, 276 Mass. 307, 308-09 (1929).
In the present case, both the DIA administrative judge and a Superior Court jury found that Gouthro had not sustained an injury arising out of and in the course of her employment with Air-Ride. A finding that the employee received in injury “arising out of and in the course of employment” is essential to any workers’ compensation claim. G.L.c. 152, §26. Therefore, Gouthro did not have a valid claim against Air-Ride. Since Air-Ride successfully defended against Gouthro’s claim, it had no obligation to pay her any workers’ compensation benefits. Consequently, as the Trust Fund effectively stands in Gouthro’s place, Air-Ride is not required to reimburse the Trust Fund. Accordingly, the defendants’ motion for summary judgment must be allowed, and the plaintiffs summary judgment motion must be denied.
*274 ORDER
For the foregoing reasons, the Defendants’ Motion for Summary Judgment is ALLOWED, and the Motion of Plaintiff for Summary Judgment is DENIED.

‘There is hereby established a trust fund in the state treasury, known as the Workers’ Compensation Trust Fund, the proceeds of which shall be used to pay or reimburse . . . (e) payment of benefits resulting from approved claims against employers subject to the personal jurisdiction of the commonwealth who are uninsured in violation of this chapter; provided, however, that (i) the claimant is not entitled to workers’ compensation benefits in any other jurisdiction G.L.c. 152, §65(2)(e)(i).