Kern, J.

INTRODUCTION

Andrew Potter (“Plaintiff’) brings the present action against Boyd Laray Shaw (“Defendant”) for negligence stemming from injuries received in a motor vehicle accident. On December 21, 1999, Defendant filed a Motion for Summary Judgment on the grounds that Plaintiffs exclusive remedy was workers’ compensation benefits. After hearing, the court denied without prejudice Defendant’s motion and further stated it would entertain a renewed motion for summary judgment if Defendant could present additional facts or case law to support his position. Defendant now renews his Motion for Summary Judgment based on new facts revealed during discovery and clarification of California case law regarding the definition of “within the scope of employment” for purposes of respondeat superior liability and workers’ compensation relief.[1] For the following reasons, Defendant’s Renewed Motion for Summary Judgment is ALLOWED.

BACKGROUND

At all relevant times, both Plaintiff and Defendant were California residents and employees of Hewlett Packard Company in California (“Hewlett Packard”). In August of 1997, Plaintiff and Defendant, along with another co-worker, My-Le Truong (“Truong”), were on a multi-city business trip presenting seminars and meeting with Hewlett Packard customers. Hewlett Packard’s travel department made and paid for the travel arrangements, including airline, hotel and rental car reservations. On August 6, 1997, Plaintiff, Defendant and Truong completed a presentation in Chicago and then went sightseeing. The next scheduled presentation was in Burlington, Massachusetts on August 8, 1997. The day between the two scheduled presentations (August 7, 1997) was designated as an “open” or “off’ day on Hewlett Packard’s itinerary. On August 7, 1997 at approximately 1:00 p.m., Plaintiff, Defendant and Truong arrived at Logan International Airport in Boston, Massachusetts.
After picking up their rental car, they decided to visit the U.S.S. Constitution in Charlestown, Massachusetts and do other sightseeing before going to their hotel in Burlington, Massachusetts. On the way to the U.S.S. Constitution, Defendant was driving, Truong was in the front passenger seat and Plaintiff was in the rear passenger seat. While traveling on Interstate 93, Defendant missed the exit for Charlestown. Realizing they were heading in the wrong direction, Defendant got off the highway in Somerville, Massachusetts and attempted to find his way back to the U.S.S. Constitution.
According to Plaintiff, Defendant ran a red light at the intersection of McGrath Highway and Mystic Avenue in Somerville and collided with another vehicle. Plaintiff and Truong were both injured. Occupants of the other automobile were also injured. The occupants of the other vehicle sued Defendant and Hewlett *337 Packard in federal court. Sabeh v. Shaw, Civil Action No. 97-1231PBS (D.Mass). The theory put forth by those plaintiffs, who were represented by the same attorney who represents Plaintiff in the present action, was that Defendant was acting within the scope of his employment at the time of the accident, and thus, Hewlett Packard is responsible under respondeat superior liability. The federal case settled and Hewlett Packard and its insurers are paying the settlement. Hewlett Packard’s insurer also paid Plaintiff workers’ compensation benefits for the injuries he sustained in the accident. On- Plaintiff s Application for Adjudication of Claim to the Workers’ Compensation Appeals Board, Plaintiff stated that he was injured in an “automobile accident while on company business.” (Defendant’s Renewed Motion for Summary Judgment (“Defendant’s Renewed Motion”), Exhibit F.)
Subsequently, Plaintiff filed the present action against Defendant. Defendant filed a motion for summary judgment asserting that he had immunity under California’s Workers’ Compensation Act. Cal. Labor Code §3601. Plaintiff opposed Defendant’s motion arguing that neither Plaintiff, nor Defendant, were acting within the scope of their employment at the time of the car accident (and thus immunity does not apply) since they were engaged in sightseeing on their day off. Based on a representation by Plaintiffs counsel that Plaintiff never applied for or made any claim for workers’ compensation benefits and the limited guidance by counsel for either side as to the meaning of “within the scope of employment” under California law, this court denied without prejudice the motion for summary judgment. At that time, the court invited defense counsel to renew his motion if discovery revealed facts to dispute the claim that Plaintiff never applied for workers’ compensation benefits and/or there was case law to clarify the definition of “within the scope of employment” under California law.

DISCUSSION

This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Hakim v. Massachusetts Insurers’ Insolvency Fund, 424 Mass. 275, 281 (1997); Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating that there are no genuine issues of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate an absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party has no reasonable expectation of proving an essential element of the claim at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Pederson, 404 Mass. at 17.
There are no genuine issues of material fact before this court. The sole dispute between the parties is whether Plaintiff and Defendant were acting "within their scope of employment” at the time of the motor vehicle accident for the purposes of respondeat superior liability. “Whether a tort was committed within the scope of employment is generally a question of fact.” Bailey v. Filco, Inc., 48 Cal.App.4th 1552, 1558 (1996) (citing Perez v. Van Groningen & Sons, Inc., 41 Cal.3d 962, 968 (1986)). “But when the material facts are undisputed and no conflicting inferences are possible, . . . the question becomes one of law for [the court’s] independent consideration.” Id. (citations omitted).
A. Plaintiff and Defendant were acting within the scope of their employment at the time of the motor vehicle accident, and thus Plaintiff’s sole relief is workers’ compensation benefits.
As previously determined by this court, California law governs the case at bar. See Potter v. Shaw, Civ. No. 99-1255 at p. 3 (Middlesex Super. Ct. Aug. 8, 2000) (Sosman, J.); see also Frassa v. Caulfield, 22 Mass.App.Ct. 105, 108 (1986). Accordingly, under California Labor Code §3600, an employer is liable for workers’ compensation “for any injury sustained by his or her employees arising out of and in the course of the employment.” Cal. Lab. Code §3600. Workers’ compensation benefits are the employee’s exclusive remedy against the employer for work-related injuries. Id. Where an employee is entitled to receive workers’ compensation benefits, those benefits are his exclusive remedy “against any other employee of the employer acting within the scope of his or her employment.” Cal. Lab. Code §3601. Therefore, if Plaintiff collected workers’ compensation benefits in connection with the motor vehicle accident and Defendant can establish that he was acting within the scope of his employment at the time of the accident, then Plaintiff cannot maintain the present action against Defendant.
1. Plaintiff collected workers’ compensation benefits as a result of the motor vehicle accident.
Despite Plaintiffs representation at the initial hearing on Defendant’s Motion for Summary Judgment on April 26,2000, Plaintiff did in fact apply for and receive workers’ compensation benefits in connection with the motor vehicle accident on August 7, 1997. (Defendant’s Renewed Motion, Exhibit H.) Further, Plaintiff specifically characterized his injuries as work related on various documents. (Defendant’s Renewed Motion, Exhibit H; Defendant’s Renewed Motion, Exhibit F (Application for Adjudication of Claim to Workers’ Compensation Appeals Board stating "auto *338 mobile accident while on company business”); Defendant’s Renewed Motion, Exhibit I (Hewlett Packard Industrial Injury/Illness Report indicating that the work practices contributing to the accident was “travel between two seminar locations”); Defendant’s Renewed Motion, Exhibit J (Letter from Plaintiff to Hertz Claim Management Corp. stating at the time of the accident, Plaintiff was “traveling as part of a group with the purpose of conducting a series of seminars for [his] employer, Hewlett Packard”)). From all the documentation, it is clear that Plaintiffs injuries were sustained in the course of employment, entitling Plaintiff to workers’ compensation benefits. Cal. Lab. Code §3600. The only question left to resolve is whether the motor vehicle accident was within the scope of Defendant’s employment sufficiently to immunize Defendant from liability under Cal. Lab. Code §3601.
2. Defendant’s actions were within the scope of his employment
Under California’s theory of respondeat superior, an employer is vicariously liable for its employee’s torts that are committed within the scope of employment. Bailey, 48 Cal.App.4th at 1558 (citations omitted). Under California law, “[t]he employer is not liable because the employer has control over the employee or is in some way at fault, but because the employer’s enterprise creates inevitable risks as a part of doing business.” Id. at 1559. The California courts use one of two tests to determine whether an employee’s actions are within the scope of employment. First, some courts use the “foreseeability test.” Id.
”[F]oreseeability” in this context must be distinguished from “foreseeability” as a test for negligence . .. [F]oreseeability as a test for respondeat superior merely means that in the context of the particular enterprise an employee’s conduct is not so unusual or startling that it would seem unfair to include the loss resulting from it among the other costs of the employer’s business.
Id. Second, other California courts have built on this foreseeability premise and used a two-prong test which asks whether the employee’s action is (1) “either required or ‘incident to his duties’ ” or (2) “could be reasonably foreseen by the employer in any event.” Id. (citing Clark Equipment Co. v. Wheat, 92 Cal.App.3d 503, 520 (1979)). If the employee’s conduct satisfies either (1) or (2) above, the employer is liable. Id. at 1560. “No matter how the test is phrased, respondeat superior liability does not require that the employee’s actions benefit the employer.” Id. (citing Perez, 41 Cal.3d at p. 969). Further, “acts necessary to the comfort, convenience, health, and welfare of the employee while at work, though strictly personal to himself and not acts of service, do not take him outside the scope of his employment.” Id. (citing Alma W. v. Oakland Unified School Dist., 123 Cal.App.3d 133, 139 (1981)).
In the case at bar, Defendant’s actions satisfy either the foreseeability test or the two-prong test for determining respondeat superior. Under the foreseeability test, Defendant’s action, sightseeing with co-workers during his “day off,” was not “so unusual or startling that it would seem unfair to include the [resulting motor vehicle accident] among the other costs of [Hewlett Packard’s] business.” Id. at 1559. While the record reflects that August 7, 1997 (the date of the accident) was a scheduled “off day,” it is also reasonable that Hewlett Packard would have anticipated that its employees would utilize their days off during this business trip to sightsee or engage in other recreational activities.
Additionally, under the two-prong test, Defendant’s actions were either “incident to his duties” or “could be reasonably foreseen by the employer in any event.” Id. at 1559-60. Defendant had to drive a rental car, which was paid for by Hewlett Packard, to get from Logan International Airport to his hotel in Burlington, the site of his next seminar. Therefore, his actions at the time of the motor vehicle accident could be construed as “incident to his duties” of participating in seminars on behalf of Hewlett Packard. Id. Further, as previously discussed, the motor vehicle accident “could have been foreseen by [Hewlett Packard] in any event” since it was clear that Hewlett Packard could have anticipated that its employees would do sightseeing during their days off. See supra at 7.
Further, sightseeing or recreational activities during a business trip constitute “acts necessary to the comfort, convenience, health and welfare of the employee while at work, though strictly personal to himself and not acts of service, do not take him outside the scope of his employment.” See id. at 1560. Therefore, Defendant’s actions at the time of the motor vehicle accident were within the scope of his employment.

CONCLUSION

Since Defendant’s actions were within the scope of his employment, Hewlett Packard is vicariously liable for his conduct under a theory of respondeat superior. However, since California Labor Code §3600 makes workers’ compensation benefits the exclusive remedy for an employee’s work related injuries, Plaintiffs instant action is barred. See also Cal. Lab. Code §3601.

ORDER

For the foregoing reasons, it is hereby ORDERED that the Defendant’s Motion for Summary Judgment be ALLOWED.

 Previously, this court determined that this case is governed by California law. See Potter v. Shaw, Civ. No. 99-1255 at p. 3 (Middlesex Super. Ct. August 8, 2000) (Sosman, J.).